■ In the Matter of THOMAS M., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN M., Appellant, et al., Respondent. [916 NYS2d 359]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered February 22, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Respondent Susan M. (hereinafter the mother) and respondent William N. (hereinafter the father) are the parents of a teenage son who was born in 1994. The child was unaware that the father was his father until 2008 when the mother permitted him to move into her apartment in the City of Oneonta, Otsego County. A report regarding neglect in early November 2008 resulted in petitioner's caseworkers, school personnel and police going to the apartment on November 4, 2008. They found the premises in total disarray and the father intoxicated. The clutter was so acute that a caseworker informed the mother that it was unsafe and, thus, she and the child moved to a shelter. The child reported that the father had twice, when angry, placed his hands around the child's neck in a choking fashion. Although the mother was aware of this conduct, she did not consider it serious despite the fact that the father had perpetrated domestic violence against her as well. An order of protection was issued directing the father not to contact the mother and to stay away from the child, the mother and the apartment. Disregarding the terms of the order of protection, the mother permitted

the father to sleep one night in the apartment's basement; an act which upset the child.

Petitioner commenced this neglect proceeding in December 2008. Following a hearing, Family Court found that both parents had neglected the child. The parties subsequently consented to a dispositional plan whereby the child remained in the custody of the mother upon the condition that she continue preventative services and abide by the stay-away order of protection prohibiting the father from contacting the child. The mother appeals.

To establish neglect, petitioner is required to prove by a preponderance of the evidence "first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *accord Matter of Shiree G. [Robert E.]*, 74 AD3d 1416, 1417 [2010]). We accord deference to Family Court's credibility determinations and will not disturb its findings if they are supported by a sound and substantial basis in the record (*see Matter of Dakota CC. [Arthur CC.]*, 78 AD3d 1430, 1431 [2010]; *Matter of Bianca QQ. [Kiyonna SS.]*, 75 AD3d 679, 681 [2010]). Here, there was proof, including photographs, depicting the extremely cluttered and unsafe condition of the apartment in November 2008. Moreover, the mother participated in repeated violations of the order of protection by speaking with the father and then permitting him to stay in the apartment's basement. Family Court found that this conduct caused the child to be visibly upset. The mother acknowledged having told a caseworker, at a time when the protective order was in effect, that if the father came to live with her, she would simply find some other place for the child to stay. Significantly, the mother was aware that the father—who had an alcohol problem and had engaged in domestic violence—placed his hands around the child's throat on more than one occasion, but she characterized this conduct as not being bad because the father had not proceeded to choke the child. Viewed cumulatively, there is ample evidence in the record supporting Family Court's determination.

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.