Egan Jr., J.
Appeals (1) from an order of the Family Court of Albany County (IVlaney, J.), entered July 11, 2012, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of the court, and (2) from an order of said court, entered October 3, 2012, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2005). In July 2010, Family Court issued an order which, among other things, continued in effect an August 2008 order, entered upon stipulation of the parties, whereby the mother had sole custody of the child and the father had alternating weekend parenting time from Friday at 8:00 p.m. until Sunday at 6:00 p.m., as well as such other parenting time as agreed to by the parties. In August 2011, the father commenced the first two of these proceedings, seeking, among other things, modification of the custodial relationship and alleging the mother’s violation thereof. One month later, the father commenced a third proceeding, alleging that the mother’s harassment of him constituted a family offense.
At the initial appearance on these petitions, Family Court granted the father’s motion for an order directing a psychological evaluation of the parties and the child. When the mother allegedly failed to execute the necessary releases or submit herself or the child for evaluation, the father commenced the last of these proceedings, seeking to hold the mother in contempt. By order entered July 11, 2012, Family Court—following a hearing—found the mother to be in contempt due to, among other things, her failure to submit to the psychological evaluation. Af *1347 ter additional fact-finding hearings, Family Court, by order entered October 3, 2012, dismissed the family offense petition, found the mother to be in willful violation of the prior custody orders and granted the father sole legal and physical custody of the child with supervised parenting time to the mother. The mother appeals from both the July 2012 and October 2012 orders.*
We affirm. Initially, we are unpersuaded that the mother was denied the assistance of counsel during these proceedings. At a pretrial appearance in November 2011, assigned counsel moved to be relieved of his assignment due to the mother’s failure to cooperate with him. As the mother also requested that counsel be dismissed, Family Court granted counsel’s motion—informing the mother that she was entitled to representation by an attorney in all matters before the court and that it was “up to [her]” whether she wanted such representation. Thereafter, Family Court repeatedly advised the mother—both prior to and during the fact-finding hearings—of her right to counsel and asked as to how she intended to proceed. The mother’s responses to Family Court’s repeated inquiries were evasive, argumentative and nonresponsive, and no request for counsel was made.
While there is no question that a party in a custody proceeding is entitled to representation by an attorney (see Family Ct Act § 262 [a] [iii]; Matter of Dolson v Mitts, 99 AD3d 1079, 1080 [2012]), there also is no dispute that the mother was advised of her rights in this regard—on multiple occasions—and given the option of either proceeding with counsel or proceeding pro se. Instead of pursuing one of these options, the mother elected to engage in obstructionist behavior, thereby knowingly and voluntarily waiving her right to counsel (cf. People v Henriquez, 3 NY3d 210, 216-217 [2004]; Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1081-1082 [2011]; Matter of Adams v Bracci, 61 AD3d 1065, 1066 [2009], lv denied 12 NY3d 712 [2009]).
Turning to the merits, we find no error in Family Court’s finding that the mother willfully violated the court’s order for a psychological evaluation of the parties and the child. “To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowl *1348 edge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party. The violation must be established by clear and convincing evidence” (Matter of Joseph YY. v Terri YY., 75 AD3d 863, 867 [2010] [internal quotation marks and citation omitted]).
Here, the mother’s contempt was sufficiently established through her own testimony and documentary evidence, which revealed that, although aware of the terms of the order, she failed to schedule, cooperate or complete the court-ordered evaluation of herself or produce the child for such evaluation. As such, Family Court did not abuse its discretion in finding that such conduct was willful (see Matter of Keefe v Adam, 85 AD3d 1225, 1227 [2011]; Matter of Seacord v Seacord, 81 AD3d 1101, 1102-1103 [2011]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964-965 [2008]). We reach a similar conclusion with respect to Family Court’s imposition of a suspended sentence and order directing the mother to reimburse the father for fees expended in connection with psychological evaluations, together with the counsel fees incurred in connection with the filing of the contempt petition.
We also are of the view that Family Court’s modification of the custody arrangement is supported by a sound and substantial basis in the record. “A parent seeking to modify an existing custody order bears the burden of demonstrating a sufficient change in circumstances since the entry of the prior order to warrant modification thereof in the child[ ]’s best interests” (Matter of Sonley v Sonley, 115 AD3d 1071, 1072 [2014] [internal quotation marks and citations omitted]; see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]). Here, the record establishes that, since the entry of the July 2010 order, the parties’ relationship has deteriorated to a point where there is no meaningful communication or cooperation for the sake of the child; indeed, they are incapable of cooperating with one another in adjusting parenting time or rescheduling drop-off or pick-up times of the child. Furthermore, the father testified that the mother is hostile and accusatory toward him in front of the child and that, as a result, the child is withdrawn and quiet at every custody exchange. In view of this, Family Court properly concluded that the father had demonstrated the requisite change in circumstances, thereby warranting an examination of whether a change in custody is in the best interests of the child.
“In determining what custodial arrangement would be in the best interests of the child, the relevant factors include maintaining stability in the child’s life, the wishes of the child, the qual *1349 ity of the home environment, each parent’s past performance, relative fitness and ability to guide and provide for the child’s intellectual and emotional development, and the effect the award of custody to one parent would have on the child’s relationship with the other” (Matter of Zwack v Kosier, 61 AD3d 1020, 1022 [2009], lv denied 13 NY3d 702 [2009] [internal quotation marks and citations omitted]; see Matter of Darrow v Darrow, 106 AD3d 1388, 1390 [2013]). “While a determination of the child[ ]’s best interests must be based on a totality of the circumstances, [e]vidence that the custodial parent intentionally interfered with the noncustodial parent’s relationship with the [child] is so inconsistent with the best interests of the [child] as to, per se, raise a strong probability that [the offending party] is unfit to act as custodial parent” (Matter of Bobies v Brefka, 83 AD3d 1148, 1151 [2011] [internal quotation marks and citation omitted]).
Here, the record reflects that the mother has consistently disrupted the father’s scheduled visitations with the child— either by arriving late or failing to arrive at all—and has resisted any and all efforts by the father to make up for missed visits or to schedule additional parenting time with the child. The record further reveals that, by insisting upon a police escort when transporting the child to the father’s home, videotaping the custody exchanges and examining/photographing the child’s body before and after visitations with the father, the mother has created a stressful and antagonistic environment that, in turn, has had a negative impact upon the child. In addition to the foregoing, the record establishes that the mother disparages the father in front of the child and had lodged baseless accusations against the father, contending that he molested and poisoned the child.
The father also testified regarding his concerns about the child’s hygiene, stating that when the child arrives for visitations, he needs to be bathed and groomed and is dressed in ill-fitted clothing. Additionally, according to the father, the mother fails to share any of the child’s school or medical records with him, and the school that the child currently attends for day care, and in which the mother plans on enrolling him for elementary school, is not licensed by the Department of Education. Finally, the father testified that, if awarded custody, he would encourage a relationship between the child and the mother, even to the extent of participating in, and paying for, counseling to improve that relationship.
Viewing the totality of the circumstances, and according deference to Family Court’s credibility determinations, there is a *1350 sound and substantial basis in the record to support Family Court’s determination that it is in the child’s best interests to transfer sole legal and physical custody of him to the father (see Matter of Keefe v Adam, 85 AD3d at 1226-1227; Matter of Dobies v Brefka, 83 AD3d at 1151-1152; Matter of Seacord v Seacord, 81 AD3d at 1104). The mother’s interference with the father’s visitation rights and inappropriate conduct at the custody exchanges are detrimental to the child, and her hostile and egregious conduct toward the father in front of the child reflects her unwillingness to promote and encourage a relationship between the father and the child. Accordingly, we discern no basis upon which to disturb Family Court’s award of sole custody to the father with supervised visitation with the mother. The mother’s remaining arguments have been considered and found to be without merit.
Peters, EJ., Stein and Rose, JJ., concur.
Ordered that the orders are affirmed, without costs.

 To the extent that the attorney for the child asserts that the appeal from the July 2012 order is untimely, the record does not contain an affidavit of service or otherwise reflect when the mother was served with that order. As we are unable to confirm that the mother’s appeal from the July 2012 order indeed is untimely, we will address the merits.