*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                520773
_____

In the Matter of JUSTYCE HH.,
    a Neglected Child.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                    Respondent;

ANDREW II.,
                    Appellant.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

        Ethan D. Bonner, Clinton County Department of Social
Services, Plattsburgh, for respondent.

        Kathleen R. Insley, Plattsburgh, attorney for the child.

_____

Clark, J.

        Appeals (1) from an order of the Family Court of Clinton
County (Lawliss, J.), entered March 16, 2015, which, in a
proceeding pursuant to Family Ct Act articles 10 and 10-A, among
other things, continued the permanency plan regarding
respondent's child and denied respondent's request that said
child have visitation with her half sibling, and (2) from an
order of protection issued thereon.

        Following respondent's incarceration in October 2013, his
daughter (born in 2009) was removed from his care and later

adjudicated to be neglected.  In a dispositional order, Family Court continued placement of the child with petitioner and established a permanency goal of return to parent.  Following a permanency hearing, Family Court continued the prior permanency goal and explicitly made no provisions for visitation between the child and respondent's newly born son (hereinafter the half sibling).  Respondent appeals from both the permanency hearing order and an order of protection issued thereon.

Initially, contrary to petitioner's position, the permanency hearing order being appealed from is not moot because it was the first order to address the issue of visitation between the child and the half sibling, and, therefore, continues to affect the rights involved in this matter (see Matter of Kenneth QQ. [Jodi QQ.], 77 AD3d 1223, 1224 [2010]; Matter of Brandon DD. [Jessica EE.], 74 AD3d 1435, 1437 n 2 [2010]).  However, because the evidence at the permanency hearing indicated that the child and the half sibling have never had contact and do not have an existing relationship, we find that it was not an abuse of discretion for Family Court to determine that sibling visitation was not warranted under these circumstances (see e.g. Matter of Keenan R. v Julie L., 72 AD3d 542, 542 [2010]; Matter of Sherman v Hughes, 32 AD3d 959, 960-961 [2006]; Matter of Justin H., 215 AD2d 180, 181 [1995], lvs denied 86 NY2d 709, 710 [1995]; see also Eschbach v Eschbach, 56 NY2d 167, 173 [1982]).[1]  In affirming, we make note of the procedural posture herein – i.e., an appeal from a permanency hearing order and not a proceeding for sibling visitation pursuant to Family Ct Act article 6.[2]

Respondent's appeal from the order of protection must be dismissed for a variety of reasons.  Specifically, respondent – who was not the subject of the order – was not aggrieved by it

[1]  We note that the attorney for the child argued in favor of Family Court's order.

[2]  We also note that the issue of contact between the child and the half sibling was previously addressed by this Court (Matter of Duane FF. [Harley GG.], ___ AD3d ___, 2016 NY Slip Op 00227 [2016]).

(see CPLR 5511; Matter of Dana XX., 28 AD3d 1025, 1026 [2006]; Matter of William XX. v Broome County Dept. of Social Servs., 11 AD3d 735, 736 [2004]) and the order has since expired by its own terms (see Matter of Marcus BB. [David BB.], 129 AD3d 1134, 1135 [2015]).  In any event, because respondent did not address the order in his filings before the Court, any issues related thereto are deemed abandoned (see Rauch v Ciardullo, 127 AD3d 1293, 1293 n [2015]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.


ORDERED that the permanency hearing order entered March 16, 2015 is affirmed, without costs.

ORDERED that the appeal from the order of protection entered March 16, 2015 is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court