*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                          521310
                                                            520476
_____

In the Matter of CINDY A. KHAN,
                    Respondent,

          v                                    MEMORANDUM AND ORDER

FAISAL Z. KHAN,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  April 28, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Devine and Aarons, JJ.

                    _____


        Michelle I. Rosien, Philmont, for appellant.

        Richard E. Doling, Albany, for respondent.

        Christopher Hammond, Cooperstown, attorney for the child.


                    _____


McCarthy, J.P.

        Appeals (1) from an order of the Family Court of Montgomery
County (Cortese, J.), entered August 4, 2014, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to find respondent in willful violation of a prior
order of visitation and awarded counsel fees, and (2) from an
order of said court, entered September 29, 2014, which, among
other things, granted petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2003) and a son (born in 2004).  As is relevant here, the mother filed an application to hold the father in contempt of a Family Court order based on the allegation that the father violated that order by keeping the children past the end of his scheduled supervised visitation time.  The mother also sought an award of counsel fees.  After a contempt hearing, Family Court issued a temporary order suspending the father's parenting time.  In May 2014, the court issued an order that, among other things, granted the mother's motion for contempt and sentenced the father to 14 days in jail, suspended so long as he complied with a therapeutic parenting time schedule.  The mother subsequently moved to amend the May 2014 order to award her counsel fees.  In July 2014, Family Court issued a temporary order that, among other things, granted observed therapeutic parenting time to the father.  In August 2014, Family Court granted the mother's motion to amend the May 2014 order and, among other things, awarded the mother $3,100 in counsel fees.  Eventually, based on both parties' previous filings of custody modification petitions, Family Court issued a September 2014 order with the parties' consent that, among other things, adopted the aforementioned therapeutic parenting time schedule.  The father appeals from both the August 2014 order and the September 2014 order.[1]

To establish that a party is in civil contempt for willfully violating a court order, a "petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner" (Matter of Holland v Holland, 80 AD3d 807, 808 [2011]; see Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1347-1348 [2014], lv dismissed 24 NY3d 937 [2014]).  A

---

[1]   The father has abandoned any argument regarding the September 2014 order by not challenging the order in his brief (see Matter of Justyce HH. [Andrew II.], 136 AD3d 1181, 1182 [2016]; Matter of Ryan v Lewis, 135 AD3d 1135, 1136 n 2 [2016]).

determination regarding a party's contempt will be overturned only if it is an abuse of discretion (see Matter of Paul A. v Shaundell LL., 117 AD3d at 1348; Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]).

Family Court's finding of contempt was not an abuse of discretion. As to the temporary order of custody that was underlying the finding of contempt, Family Court issued the order from the bench reducing the father's supervised parenting time to every other Sunday from 10:00 a.m. to 12:00 p.m. and requiring him to transport the children.[2] Family Court explicitly stated that the temporary order would apply to the father's parenting time on the upcoming Sunday, November 17, 2013 visit. Although the father now argues that he was confused about whether the order would be in effect before he received written confirmation of it, he raised that issue as the court issued the order from the bench. In response, the court again unambiguously informed the father that "[t]he order is in effect immediately." When later asked – at the contempt hearing – what he understood Family Court to mean by this statement, the father testified that he understood the court to be referring to the "new" order regarding the "[t]en to 12" visitation with the children. On November 17, 2013, the father kept the children from 10:00 a.m. until 5:00 p.m., prejudicing the rights of the mother to have the children returned to her at noon. Affording appropriate deference to the court's credibility determinations, we conclude that the court did not abuse its discretion in finding that the mother established, by clear and convincing evidence, that the father willfully violated the temporary custody order (see Matter of Paul A. v Shaundell LL., 117 AD3d at 1348; Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]).

---

[2]  At this visitation hearing, the father had an Urdu interpreter available to him. Family Court informed the father that the interpreter was available at any point that the father did not understand something that was occurring. The father did not avail himself of the interpreter's services at the hearing.

Nonetheless, we agree with the father, to a limited extent, that Family Court erred in awarding the mother $3,100 in counsel fees. Where, as here, no actual loss or injury was sustained, Judiciary Law § 773 permits that "a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and [$250] in addition thereto (see Family Ct Act § 156). A fine pursuant to this section may include counsel fees (see Vider v Vider, 85 AD3d 906, 908 [2011]; Matter of Jones v Jones, 75 AD3d 786, 788 [2010], lv dismissed 15 NY3d 866 [2010]). On this record, we find that Judiciary Law § 773 permits reimbursement for the six hours of work that counsel performed and documented and an additional $250. However, the mother's further submissions of "anticipated" counsel fees did not constitute proof of costs and expenses that the mother had actually incurred, and those fees were not properly awarded (compare Matter of Claydon, 103 AD3d 1051, 1054 [2013]). Thus, the counsel fee award is reduced to $2,050. The father's remaining contentions have been considered and are without merit.

Garry, Egan Jr., Devine and Aarons, JJ., concur.


ORDERED that the order entered August 4, 2014 is modified, on the law, without costs, by reducing the counsel fee award to $2,050, and, as so modified, affirmed.

ORDERED that the ordered entered September 29, 2014 is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court