■ Shirley He, Appellant, v Realty USA et al., Defendants, and Roman Brusilovsky et al., Respondents. [55 NYS3d 477]—

Devine, J. Appeals (1) from an order and an order and judgment of the Supreme Court (Chauvin, J.), entered December 9, 2014 and January 5, 2015 in Saratoga County, which, among other things, awarded costs and counsel fees to defendants Roman Brusilovsky and Inna Negelyov, and (2) from an order of said court, entered April 9, 2015 in Saratoga County, which, among other things, denied plaintiff's motion to stay enforcement of a prior order.

As set forth in our prior decision in this matter (121 AD3d 1336 [2014], *lv dismissed and denied* 25 NY3d 1018 [2015]),

plaintiff commenced this action against, among others, defendants Roman Brusilovsky and Inna Negelyov (hereinafter collectively referred to as defendants) in 2012. Supreme Court (Ferradino, J.) dismissed the claims against defendants as time-barred, but denied their request for an award of costs and counsel fees. We upheld the dismissal of the claims against defendants upon the cross appeals that ensued. Inasmuch as plaintiff should have been well aware that her claims against defendants "were both specious and time-barred," however, we found that her conduct was frivolous within the meaning of 22 NYCRR 130-1.1 (c) and "remit[ted] this matter to Supreme Court for the fashioning of an appropriate award" of costs and reasonable counsel fees (*id.* at 1341).

Defendants, at the direction of Supreme Court (Chauvin, J.), thereafter provided documentation showing that they had incurred $18,524.96 in costs and counsel fees as a result of this action. Supreme Court found that amount to be reasonable in a letter order, then executed a formal order and judgment awarding it. Plaintiff now appeals from the letter order and the order and judgment, as well as Supreme Court's subsequent order that denied her request for a stay of enforcement pending appeal.\*

We affirm. Plaintiff argues that Supreme Court erred in failing to hold a hearing on the amount of costs and reasonable counsel fees to be awarded. This Court had already found that plaintiff had engaged in frivolous conduct by commencing and pursuing this action against defendants (*id.* at 1340-1341), leaving to Supreme Court the limited issue of how much in costs and reasonable counsel fees to award. Plaintiff was entitled to be heard on that issue, but "[t]he form of the hearing . . . depend[ed] upon the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]; *see Matter of Czajka v Dellehunt*, 125 AD3d 1177, 1185 [2015]).

Supreme Court stated its intention to resolve the issue on papers unless the need for a hearing was shown. Counsel for defendants submitted an affirmation in which he stated that he had been retained by them in 2012 and, referencing an attached interim bill detailing the legal work performed and expenses incurred as a result of this action, opined that the amount sought was reasonable and necessary. Plaintiff failed to offer any criticism of the requested costs and counsel fees beyond complaining in conclusory fashion that they were "illegal and excessive." There was no request for a hearing by the

---

\* This Court, in turn, denied plaintiff's motion for a stay pending appeal (2015 NY Slip Op 76037[U]).

parties and, given the state of the papers, no reason to hold one. Accordingly, in the absence of any substantive factual dispute, Supreme Court did not abuse its discretion in determining the amount of costs and reasonable counsel fees on papers (see *Selletti v Liotti*, 104 AD3d 835, 836-837 [2013]; *First Deposit Natl. Bank v Van Allen*, 277 AD2d 858, 861 [2000]). Supreme Court made that determination in a written order finding that the requested costs and counsel fees were appropriate and, suffice it to say, its decision to do so finds ample support in the record (see 22 NYCRR 130-1.2; *Xiaokang Xu v Xiaoling Shirley He*, 147 AD3d 1223, 1226 [2017]; *Matter of Aaron v Steele Law Firm, P.C.*, 127 AD3d 1385, 1390-1391 [2015]).

Defendants rightly objected to plaintiff's attempt to obtain the automatic stay of enforcement provided by CPLR 5519 (a) (2) with a supposed undertaking that lacked an independent surety, and Supreme Court properly held it to be ineffective (see CPLR 2501 [1]; 2506, 2507; *Alex v Grande*, 29 AD2d 616, 616 [1967]). Supreme Court did not abuse its discretion in denying plaintiff's further request for a discretionary stay (see CPLR 5519 [c]). Plaintiff's remaining contentions, to the extent they are properly before us, have been examined and rejected.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur. Ordered that the orders and order and judgment are affirmed, without costs.