■ In the Matter of MICHAEL M., Respondent, v MAKIKO M., Appellant. [58 NYS3d 732]—

Lynch, J. Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered June 16, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for an award of counsel fees.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 2008. In January 2013, Family Court issued an order granting parenting time to the father on each Father's Day from 9:00 a.m. to 5:00 p.m. In June 2015, the mother did not deliver the child to the father at 9:00 a.m. on Father's Day. The father commenced this proceeding seeking to hold the mother in contempt of the January 2013 order and for counsel fees. Family Court granted the petition and awarded counsel fees in the amount of $912.50. The mother now appeals.

To sustain a finding of civil contempt based on a willful violation of a court order, "a petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner" (*Matter of Khan v Khan*, 140 AD3d 1252, 1253-1254 [2016] [internal quotation marks and citation omitted]; *see Matter of Paul A. v Shaundell LL.*, 117 AD3d 1346, 1347 [2014], *lv dismissed and denied* 24 NY3d 937 [2014]). "This Court will apply deference to Family Court's credibility determinations, and the determination of whether or not to hold a party in contempt will not be disturbed absent an abuse of discretion" (*Matter of Wesko v*

*Hollenbeck*, 149 AD3d 1175, 1176 [2017] [citations omitted]). Where, as here, the contemptuous conduct does not cause actual loss or injury, the court is permitted to impose a fine "not exceeding the amount of the complainant's costs and expenses, and [$250] in addition thereto" (Judiciary Law § 773; *accord Matter of Khan v Khan*, 140 AD3d at 1255; *Matter of Lembo v Mayendia-Valdes*, 293 AD2d 789, 790 [2002]).

Here, the mother admitted that she was aware of the January 2013 order but testified that, because she relied on a prior version of the order, she believed that the father's parenting time did not begin until 3:00 p.m. on Father's Day. Further, the mother testified that once she realized she made the mistake, she apologized and offered to allow the father to have additional parenting time. The father testified that he was able to have parenting time with the child from 11:00 a.m. to 5:00 p.m. on Father's Day and disputed the mother's claim that she allowed him extra parenting time to make up for the lost time. Given the mother's concessions and deferring to Family Court's credibility determinations, we discern no abuse of discretion in its determination that the mother willfully violated the January 2013 order (*see Matter of Khan v Khan*, 140 AD3d at 1254; *Matter of Paul A. v Shaundell LL.*, 117 AD3d at 1348).

The mother also contends that Family Court should not have awarded counsel fees without a hearing. At the fact-finding hearing, however, the mother's counsel asked the court to decide the issue "on papers with the [p]arties submitting [f]inancial [a]ffidavit[s]" and did not object when the court confirmed that the parties wanted to "submit on the [counsel] fee question" and that the court would only "take testimony with respect to mitigation." Accordingly, the parties waived a hearing on the counsel fees and Family Court properly decided the issue on the papers submitted (*see He v Realty USA*, 150 AD3d 1418, 1419-1420 [2017]; *Pfister v Pfister*, 146 AD3d 1135, 1141 [2017]). Contrary to the mother's claim, we find that her financial disclosure affidavit, W-2 form and tax return provided ample factual basis for the court's determination.

Garry, J.P., Egan Jr., Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.