Rumsey, J.
 

 Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered January 14, 2016, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
 

 Respondent Kayla ZZ. (hereinafter the mother) is the mother of Kieran XX. (born in 2014), Joseph ZZ. (born in 2010) and James YY. (born in 2008). Respondent Justin XX. (hereinafter the father) is the father of Kieran, but not of Joseph or James. On March 17, 2015, the mother contacted the police to report that a domestic violence incident involving the father had taken place in the apartment that they shared with Kieran, then 10 months old. When a search of the apartment was conducted with the mother’s consent, an indoor marihuana-growing operation was discovered and three pounds of marihuana were seized. A temporary order of protection was issued on March 18, 2015 directing the father to stay away from the mother, and respondents agreed to comply with a safety plan that required the mother to stay away from the father and not allow him to have contact with Kieran.
 

 In May 2015, petitioner filed a neglect petition against respondents. Soon thereafter, Family Court issued a temporary order of protection against the mother prohibiting her from having any contact with the father. In June 2015, the court issued an order directing respondents to abide by the orders of protection and to adhere to petitioner’s recommendations. Petitioner subsequently filed a violation petition against respondents, alleging, as relevant here, that the mother had unauthorized contact with the father and failed to complete two drug treatment programs required by petitioner. Following a fact-finding hearing during which both the neglect and violation petitions were considered, Family Court determined that the mother had neglected the three subject children and that she had willfully violated the June 2015 order.
 
 [1]
 
 The mother now appeals.
 

 We affirm. “A party seeking to establish neglect must show, by a preponderance of the evidence, first, that the children’s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and, second, that the actual or threatened harm to the children is a consequence of the failure of the caretaker to exercise a minimum degree of care in providing the children with proper supervision or guardianship” (Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1294 [2017] [internal quotation marks, brackets, ellipsis and citations omitted]). “Actual injury or impairment need not be demonstrated; rather, only an imminent threat that such injury or impairment may result is required and that threat may, in turn, result from a single incident or circumstance” (Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1215-1216 [2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 708 [2011]).
 

 Respondents admitted that, on March 17, 2015, they engaged in an altercation for several hours while Kieran was in the apartment. Andrew Davis, a State Trooper who responded to the complaint of ongoing domestic violence taking place at the parties’ residence on March 17, 2015, testified that the mother informed him that the father had choked and punched her and would neither let her leave nor use the telephone over the course of three hours. She also told Davis that, while the father was assaulting her and throwing items within the home, Kieran “was right in the area.” The father testified that, while he was holding Kieran, the mother grabbed his shirt in an angry rage and began yelling at him. By placing Kieran in imminent harm of physical injury, the domestic violence incident is sufficient to sustain Family Court’s finding of neglect as to Kieran (see Matter of Kiara C. [David C.], 85 AD3d 1025, 1026 [2011]; see also Matter of Jadalynn HH. [Roy HH.], 93 AD3d 1112, 1113 [2012]; Matter of Karissa NN., 19 AD3d 766, 767 [2005]).
 

 There is evidence of additional conduct constituting neglect, including the presence of the marihuana-growing operation and three pounds of marihuana in respondents’ apartment, which Davis testified smelled of marihuana (see Matter of Brandon R. [James U.], 114 AD3d 1028, 1028-1029 [2014]; Matter of Jared M. [Ernesto C.], 99 AD3d 474, 474-475 [2012]; Matter of Jaylin E. [Jessica G.], 81 AD3d 451, 451 [2011]). Similarly, Family Court’s finding that the mother violated the order of protection by allowing the father access to the apartment may be considered as evidence of neglect, “where, as here, such a violation is combined with other evidence demonstrating a marked lack of parental judgment, i.e., domestic violence and the presence of drugs in a child’s home” (Matter of Paige AA. [Anthony AA.], 85 AD3d at 1217; see Matter of Thomas M. [Susan M.], 81 AD3d 1108, 1109 [2011]). Thus, according deference to Family Court’s credibility determinations (see Matter of Thomas M. [Susan M.], 81 AD3d at 1109), we conclude that there was a preponderance of evidence in the record to support the finding that the mother neglected Kieran.
 
 [2]
 

 Turning to the violation petition, “[t]o sustain a finding of civil contempt based on a willful violation of a court order, ‘a petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner’ ” (Matter of Michael M. v Makiko M., 152 AD3d 909, 909 [2017], quoting Matter of Khan v Khan, 140 AD3d 1252, 1253-1254 [2016]). “This Court will apply deference to Family Court’s credibility determinations, and the determination of whether or not to hold a party in contempt will not be disturbed absent an abuse of discretion” (Matter of Michael M. v Makiko M., 152 AD3d at 909-910 [internal quotation marks and citations omitted]). Thus, deferring to Family Court’s credibility determinations, we discern no abuse of discretion in its determination that the mother knew the conditions set forth in the June 2015 order, yet willfully violated that order by visiting the father’s home and by failing to complete the required drug treatment programs (see id. at 910; Matter of Khan v Khan, 140 AD3d at 1254).
 

 Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . At the fact-finding hearing, the father consented to a finding of neglect and petitioner withdrew the violation petition against him.
 

 [2]
 

 . Although the factual allegations in the neglect petition and the evidence adduced at the fact-finding hearing relate to circumstances directly affecting only Kieran, Family Court found that all three children were neglected. However, the mother abandoned any challenge to Family Court’s implicit finding that Joseph and James were derivatively neglected by failing to address it on appeal (see Matter of Mary Ellen P. v John R., 278 AD2d 750, 751 [2000]).