Matter of Joseph PP. (Kimberly QQ.) (2019 NY Slip Op 03416)





Matter of Joseph PP. (Kimberly QQ.)


2019 NY Slip Op 03416


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

526420

[*1]In the Matter of JOSEPH PP., Alleged to be a Neglected Child. SULLIVAN COUNTY DEPARTMENT OF FAMILY SERVICES, Respondent; KIMBERLY QQ., Appellant.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Ivy M. Schildkraut, Rock Hill, for appellant.
Alexander Bourne, Sullivan County Department of Social Services, Monticello, for respondent.
Marcia Heller, Rock Hill, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered January 24, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct
Act article 10, to adjudicate the subject child to be neglected.
Respondent is the mother of the subject child (born in 2015) and both of them lived with the mother's boyfriend. In March 2017, the mother, the child and the boyfriend were all at home — the mother and the boyfriend were in their room and the child was in his room in a pack and play. The mother and the boyfriend began arguing and the boyfriend berated the mother, called her names and punched and kicked her. The mother went to the child's room to retrieve a hidden cell phone; she called 911 and left the line open but the phone hidden. The boyfriend was thereafter recorded as he continued to yell, followed the mother into the child's room, picked up the crying child and threw him back into the pack and play, yelling at him to "shut the . . . up" and then picking up and throwing a piece of plastic child's furniture at the mother, which bounced and hit the child. The police arrived, the boyfriend was arrested, and the child and the mother were taken to the hospital and treated for multiple bruises and a laceration.
As a result of this incident, a temporary order of protection was issued on March 30, 2017 that directed the boyfriend to stay away from the mother and the child [FN1]. In May 2017, the [*2]mother, the child and the boyfriend attended a birthday party at the child's grandmother's house. After the party, the mother, the boyfriend and the child stayed overnight with the grandmother. The next day, the mother and the boyfriend began fighting; the police were called and the mother was later arrested for endangering the welfare of a child. Petitioner commenced this proceeding alleging that the mother neglected the child. After a fact-finding hearing, Family Court granted the petition. The mother now appeals.
"A petitioner seeking to establish neglect must show, by a preponderance of the evidence, that the child[ ]'s 'physical mental or emotional condition has been impaired or is in imminent danger of becoming impaired' and that the actual or threatened harm to the child[ ] results from the parent's failure to exercise a minimum degree of care in providing the child[ ] with proper supervision or guardianship" (Matter of Jakob Z. [Matthew Z.—Mare AA.], 156 AD3d 1170, 1171 [2017], quoting Family Ct Act § 1012 [f] [i] [B]; see Family Ct Act 1046 [b] [i]). To "determin[e] whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Mark WW. v Jennifer B., 158 AD3d 1013, 1015 [2018] [internal quotation marks and citation omitted]).
The grandmother testified that when she hosted the May 2017 birthday party for the mother's older child, the mother asked if the boyfriend could attend. The grandmother agreed and the mother, the boyfriend and the child arrived together and stayed overnight in one room. The grandmother overheard the mother and the boyfriend begin to fight, then the mother yelled "ow . . . [y]ou're hurting me. Let go." As the fight was occurring, the grandmother found the child alone, sitting on top of the kitchen table. The mother's older child called the police, and the boyfriend was arrested immediately. Two days later, the mother was charged with endangering the welfare of a child, and an order of protection was issued prohibiting the mother from having contact with the child.
The mother does not contest the factual basis for the petition, but instead contends that the proof demonstrated bad parenting, not neglect. We do not agree. Petitioner need not demonstrate actual injury or impairment; "rather, only an imminent threat that such injury or impairment may result is required and that threat may, in turn, result from a single incident or circumstance" (Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1095 [2017] [internal quotation marks and citation omitted]). The evidence demonstrated that the boyfriend injured the child during a traumatic and violent argument. The order of protection was issued after this traumatic and violent event to protect the child and the mother from further violence and harm. When the mother invited the boyfriend to the birthday party in contravention of the order of protection, she willingly exposed the child to the imminent danger of harm. Consistent with the history between the mother and the boyfriend, the two disregarded the child as they argued loudly, the argument became physical and police intervention was necessary. When we consider the history of violence and accord the requisite deference to Family Court's credibility determinations, we agree that exposing the child to such danger is not something that a reasonable and prudent parent under similar circumstances would do (see Nicholson v Scoppetta, 3 NY3d 357, 370-371 [2004]). As such, Family Court's determination was supported by a preponderance of evidence (see Matter of Kieran XX. [Kayla ZZ.], 154 AD3d at 1096; Matter of Dezerea G. [Lisa G.], 97 AD3d 933, 934 [2012]; Matter of Thomas M. [Susan M.], 81 AD3d 1108, 1109 [2011]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: In April 2017, Family Court issued a temporary order of protection with the same directive in a neglect proceeding that the mother had commenced against the boyfriend.