Matter of Maggie YY. (Lisa ZZ.) (2019 NY Slip Op 03708)





Matter of Maggie YY. (Lisa ZZ.)


2019 NY Slip Op 03708


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

525901

[*1]In the Matter of MAGGIE YY. and Others, Alleged to be Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA ZZ., Appellant, et al., Respondent.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Larisa Obolensky, Delhi, for appellant.
Donald Thomson, Chemung County Department of Social Services, Elmira, for Chemung County Department of Social Services, respondent.
A. Renee Sutton, Elmira, attorney for the child.
Pamela D. Gee, Big Flats, attorney for the child.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Family Court of Chemung County (Baker, J.), entered September 28, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent Lisa ZZ. (hereinafter the mother) has five children (born in 1998, 2000, 2002, 2005 and 2012). In August 2016, petitioner filed a neglect petition against the mother and the father of the youngest child (hereinafter the stepfather) alleging, among other things, that the oldest child had been injured during a physical altercation with the stepfather that occurred when the stepfather forced himself into the mother's residence after she had denied his request that he be permitted to see the youngest child on Father's Day in June 2016. The stepfather was charged with burglary in the third degree for this incident; however, the mother attempted to get the charges dropped and permitted the stepfather to resume residing in her residence. Petitioner further alleged that there was a history of domestic violence and daily marihuana use within the household and both the mother and the stepfather failed to comply with treatment for mental health issues. After a fact-finding hearing, Family Court adjudicated the children to be neglected. The mother appeals.
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship. When determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances. Further, case law makes clear that a child may be adjudicated to be neglected within the meaning of Family Ct Act § 1012 (f) (i) when a parent knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child and failed to act accordingly" (Matter of Aiden LL. [Christa LL.], 166 AD3d 1413, 1414 [2018] [internal quotation marks, brackets and citations omitted]).
At the fact-finding hearing, petitioner's caseworkers and the police officer who responded to the June 2016 incident testified regarding interviews each had conducted with the mother. Their testimony established that the stepfather forcibly removed an air conditioning unit from a window before kicking in the front door to gain access to the residence, where he engaged in physical altercations with both the mother and the oldest child in an incident that was witnessed by the younger children. Further, the maternal grandmother testified that the mother regularly smoked marihuana in the home and had done so in the presence of the youngest child and the oldest child. The grandmother also testified to two incidents of violence in the home — one when the mother forcibly removed and broke the daughter's eyeglasses, and a second where two of the children seriously assaulted a third child while the mother was present. The record further demonstrates that the mother permitted the stepfather to be present in her home for prolonged periods notwithstanding a documented history of domestic violence and his untreated mental illness. Although the mother presented some conflicting proof, the foregoing provides ample support for Family Court's finding of neglect (see Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1419 [2018]; Matter of Aiden LL. [Christa LL.], 166 AD3d at 1415-1416; Matter of Mark WW. v Jennifer B., 158 AD3d 1013, 1016 [2018]; Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1095-1096 [2017]). The mother's remaining contentions have been examined and found to lack merit.
Egan Jr., J.P., Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.