Matter of Ryan XX. v Sarah YY. (2019 NY Slip Op 06547)





Matter of Ryan XX. v Sarah YY.


2019 NY Slip Op 06547


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

525953

[*1]In the Matter of Ryan XX., Respondent,
v
Sarah YY., Appellant. (Proceeding No. 1.)
In the Matter of RYAN XX., Respondent,
v
SARAH YY., Appellant. (Proceeding No. 2.)

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Bruce Wagner, Albany, for respondent.
Cheryl Maxwell, Plattsburgh, attorney for the child.



Rumsey, J.
Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered November 3, 2017, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered November 3, 2017, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody.

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2016). Pursuant to an order issued on consent in January 2017, the parties had joint legal custody of the child, with the mother having primary physical custody and the father having specified periods of physical custody. As relevant here, the order required that the custodial parent provide the noncustodial parent with the opportunity to care for the child prior to seeking third-party child care for periods of more than four hours and, further, that a parent removing the child from New York for more than 24 hours provide the other parent with advance notice of the child's location and, when possible, an address and telephone number where the child may be reached.

 In June 2017, the father filed a petition seeking sole legal and physical custody of the child alleging, among other things, that the mother had continually left the child with the father outside of his scheduled parenting time and that their communication had deteriorated to the point that joint legal custody was no longer feasible. On the same day, the father filed a second petition alleging that the mother had violated the January 2017 order by, among other things, leaving the child in the care of a third party overnight without providing the father with the required notice and taking the child out of New York without providing the father with the address and telephone number where the child could be reached. Following a five-day fact-finding hearing — at which the mother appeared pro se — Family Court issued an order that granted the father's modification petition by awarding him sole legal and physical custody of the child and providing the mother with scheduled parenting time. In a separate order, Family Court granted the father's violation petition. The mother appeals from both orders.

 "Initially, the party seeking to modify an existing order of custody bears the threshold burden to show a change in circumstances since entry thereof warranting an inquiry into the child's best interests" (Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1556-1557 [2019] [citations omitted]). Although Family Court made no explicit finding regarding whether a change in circumstances had occurred, its determination that the parents were, as both conceded, unable to effectively communicate regarding the child demonstrated the existence of changed circumstances (see Matter of Aimee T. v Ryan U., 173 AD3d 1377, 1378 [2019]; Matter of Jennifer D. v Jeremy E., 172 AD3d at 1557; Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]).

 "Turning to the best interests analysis, the factors relevant thereto include maintaining stability in the [child's life], the quality of the respective home environments, the length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the child['s] intellectual and emotional development, and the effect the award of custody to one parent would have on the child['s] relationship with the other parent" (Matter of Kristen II. v Benjamin JJ., 169 AD3d at 177 [internal quotation marks, brackets and citation omitted]). Family Court found that the father, who had full-time employment and owned his own home, received substantial assistance from his family — including child care and financial assistance — that enabled him to provide a more stable home environment for the child. Moreover, the mother had not exercised all of the custodial time allocated to her, resulting in the child having spent extensive time in the care of the father and paternal grandmother.

 By contrast, Family Court determined that the mother's past performance and lack of an extensive support system demonstrated that she is less able to provide a stable home environment for the child. In that regard, the court found that the mother suffered from mental health issues that impaired her judgment, she had misused prescription medications and she failed to complete a court-ordered alcohol and substance abuse evaluation. The court further noted that the mother had exhibited poor judgment by taking the child to work with her at a retail store in a local mall where the child was left unsupervised while the mother interacted with a customer. These factors, along with the parents' inability to effectively communicate regarding the child, provide a substantial basis for Family Court's determinations that joint legal custody is no longer workable and that the award of sole custody to the father was, therefore, in the child's best interests (see Matter of LaBaff v Dennis, 160 AD3d 1096, 1097 [2018]).

 We decline the mother's request to increase her parenting time. "Family Court has broad discretion in fashioning a parenting schedule that is in the best interests of the child, and it is well settled that the court's findings in this regard are entitled to great deference unless they lack a sound and substantial basis in the record" (id. at 1097-1098 [internal quotation marks, brackets and citations omitted]; see Matter of Jennifer D. v Jeremy E., 172 AD3d at 1559; Matter of John VV. v Hope WW., 163 AD3d 1088, 1091 [2018]). The court provided the mother with regular and meaningful access to the child by awarding her two full days of parenting time each week when she was not scheduled to work and by continuing the provisions for shared holidays and two weeks of uninterrupted parenting time for each parent during the summer.

 Turning to the violation petition, Family Court found that the mother was in civil contempt of the January 2017 order in three respects: (1) by leaving the child with a third party on several occasions in April 2017, each in excess of four hours, without providing the father with the opportunity to care for the child; (2) by taking the child out of New York for more than 24 hours without providing the father with an address where the child could be located during that time; and (3) by failing to provide the father with her residence address. "[T]o sustain a finding of civil contempt based on a willful violation of a court order, a petitioner must show by clear and convincing evidence that (1) Family Court issued a valid, clear and explicit order, (2) the party alleged to have violated the order actually knew the conditions of that order, and (3) the alleged violation prejudiced some right of the petitioner. This Court will apply deference to Family Court's credibility determinations, and the determination of whether or not to hold a party in contempt will not be disturbed absent an abuse of discretion" (Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1095 [2017] [internal quotation marks, brackets and citations omitted]).

 We find no abuse of discretion in Family Court's determination that the mother willfully violated the order by failing to provide the father with the opportunity to care for the child in April 2017. We further note that the court did not impose any penalty for this instance of contempt, which arose during the first week after the father evicted the mother and the child from his home without prior notice. However, we conclude that all of the elements of civil contempt have not been established with respect to the other two violations because the record demonstrates that there was no prejudice to any right of the father (see e.g. Matter of Nilesha R. [Loretta RR.], 172 AD3d 1793, 1798 [2019]). Although the mother did not provide the father with a specific address where the child could be located when the child was taken out of New York, the father conceded that the mother had provided him with advance notice by text message of her intent to take the child on vacation in North Carolina and, further, that it was possible for him to reach the mother and the child by cell phone during that time. Similarly, as noted by Family Court, the father was not harmed in any way by the mother's failure to provide him with an accurate residence address. Accordingly, the portion of the order that found the mother in civil contempt for these two violations must be reversed to that extent (see id.).

 Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.


 ORDERED that the order entered November 3, 2017 in proceeding No. 1 is affirmed, without costs.

 ORDERED that the order entered November 3, 2017 in proceeding No. 2 is modified, on the law, without costs, by reversing so much thereof as granted that part of said petition finding respondent in civil contempt for taking the child from New York without providing petitioner with an address and for failing to provide petitioner with a residence address; petition dismissed to said extent; and, as so modified, affirmed.