Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about July 25, 2013, which, to the extent appealed from as limited by the briefs, denied defendant’s cross motion for an order of protection, to adjudicate plaintiff in contempt, to modify custody, to appoint a forensic evaluator and attorney for the children, and for counsel fees, unanimously affirmed, with costs.
Defendant failed to show that plaintiff violated an unequivo *453 cal mandate or that she was prejudiced, and thus a finding of contempt was not warranted (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The language in the parties’ agreement regarding the parties’ obligation to foster a feeling of affection between the children and the other parent did not clearly prohibit the parties from disparaging each other in emails. Similarly, while plaintiff was to provide his credit card to certain medical providers, the provision setting forth this requirement did not provide a deadline for this obligation, and thus did not constitute a clear and unequivocal mandate (see Rienzi v Rienzi, 23 AD3d 447 [2d Dept 2005]). Defendant also failed to set forth any facts regarding this failure, and thus failed to meet her burden of showing that she was prejudiced thereby.
Defendant failed to make an evidentiary showing sufficient to warrant a hearing on her custody modification request (see Matter of Collazo v Collazo, 78 AD3d 1177 [2d Dept 2010]). The fact that the parties, who have joint decision-making authority, have different views on education or extracurricular activities does not mean that they cannot co-parent. The parties anticipated they may have such disagreements and provided for a procedure to deal with them in their stipulation of settlement. The fact that plaintiff is residing outside of the country was also anticipated in the parties’ agreement.
Supreme Court providently exercised its discretion in granting defendant’s request for an order of protection only to the extent of permitting her to request a hearing when plaintiff next returns to New York. Defendant did not show any imminent risk, especially in light of the fact that plaintiff resides in Hong Kong. None of defendant’s allegations warranted an immediate hearing or rose to the level of the family offenses outlined in Family Court Act § 812.
Having properly determined that a hearing on custody was not warranted, the court also properly denied the requests to appoint a neutral forensic evaluator and an attorney for the children.
Under the circumstances, Supreme Court providently exercised it discretion in denying defendant an award of counsel fees (see Domestic Relations Law §§ 237 [b]; 238). Concur— Tom, J.E, Acosta, Saxe, DeGrasse and Freedman, JJ.