■ KATARINA STORFER, Respondent, v DORON STORFER, Appellant. [16 NYS3d 549]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about January 13, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motions to modify custody and for an award of counsel fees, unanimously affirmed, without costs.

There is no dispute that the child is being raised in the Jewish faith. The motion court properly found, however, that it could not determine the meaning and intention of the parties' agreement to raise their child in "accordance with the tenets of the Modern Orthodox Jewish faith." The trial court correctly determined that this cannot be decided by neutral principles of law or without reference to religious doctrine and was thus prohibited from entertaining the defendant father's enforcement application (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 286 [2007]; *see also Madireddy v Madireddy*, 66 AD3d 647, 648 [2d Dept 2009], *appeal dismissed* 14 NY3d 765 [2010]).

Defendant failed to make an evidentiary showing sufficient to warrant a hearing on his custody modification request (*see Monaco v Monaco*, 116 AD3d 452, 453 [1st Dept 2014]). He offered no evidence that a change from the joint custody, including equal parenting time and alternating weekends, to which the parties had agreed, would be in the best interests of their child. To the extent the parties may have voluntarily veered from the parenting plan outlined in their agreement on some

occasions, this is not a basis for modifying the agreed upon custody arrangement.

The court providently exercised it discretion in denying an award of counsel fees (see Domestic Relations Law §§ 237 [b]; 238). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.