*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 22, 2015                518071
_____

DENNIS M. HOWE,
                        Respondent,

              v                                MEMORANDUM AND ORDER

BRANDY K. HOWE,
                        Appellant.
_____

Calendar Date:    September 11, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        David M. Brown, Binghamton, for appellant.

        Butler & Butler, PC, Vestal (Matthew C. Butler of counsel),
for respondent.

                        _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Sherman, J.),
entered August 21, 2013 in Tioga County, which, among other
things, conditionally granted plaintiff's motion to hold
defendant in contempt.

        In April 2012, plaintiff (hereinafter the husband) and
defendant (hereinafter the wife) executed a stipulation of
settlement that provided, in relevant part, that the husband
would quitclaim his interest in the marital residence within 60
days of the execution thereof, and the wife, in turn, would "make
a good faith effort" to refinance the property and remove the
husband's name from the mortgage within 45 days of receipt of the
quitclaim deed.  The husband tendered the quitclaim deed in open
court on the date of its execution, April 16, 2012, and the
parties' stipulation was incorporated but not merged into their

May 2012 judgment of divorce.

In May 2013, the husband moved by order to show cause seeking to hold the wife in contempt for failing to comply with the terms of the parties' stipulation relative to the refinancing of the subject premises. The wife opposed the husband's application and cross-moved to hold the husband in contempt based upon his alleged failure to comply with certain unrelated provisions of the stipulation. Supreme Court granted the husband a conditional order of contempt requiring the wife to remove the husband's name from the mortgage within 90 days – either by refinancing or selling the marital residence – and otherwise denied the requested relief. This appeal by the wife ensued.[1]

"To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Matter of Paul A. v Shaundell LL., 117 AD3d 1346, 1347-1348 [2014], lv dismissed and denied 24 NY3d 937 [2014] [internal quotation marks and citations omitted]; accord Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]; see Matter of Claydon, 103 AD3d 1051, 1052 [2013]). Such violation, in turn, "must be established by clear and convincing evidence" (Matter of Aurelia v Aurelia, 56 AD3d at 964; see Matter of Paul A. v Shaundell LL., 117 AD3d at 1348). "The decision of whether to hold in contempt a party who fails to comply with a court order rests within the court's sound discretion" (Davis-Taylor v Davis-Taylor, 4 AD3d 726, 727-728 [2004] [citations omitted]).

---

[1] The wife's subsequent motion for a stay pending appeal was granted by a Justice of this Court. As to the scope of the appeal, the wife has not briefed the denial of her cross motion and, therefore, we deem any arguments in this regard to be abandoned (see Matter of Tompkins v Tompkins, 110 AD3d 1172, 1173 n [2013]).

Here, a review of the underlying order makes clear that Supreme Court found the wife to be in contempt of the parties' April 2012 stipulation based upon her failure to refinance the marital residence "as agreed or otherwise take action to remove [the husband's] name from the existing mortgage." The parties' stipulation, however, did not require the wife to successfully refinance the marital residence and remove the husband's name from the existing mortgage; rather, the stipulation only imposed upon her the obligation to "make a good faith effort to obtain [such] financing . . . and remove [the husband's] name from the mortgage within 45 days after receiving the [quitclaim deed]." Notably, the stipulation was silent as to the parties' respective rights and obligations in the event that the wife attempted — but did not actually succeed — in obtaining such financing (cf. Mullen v Mullen, 80 AD3d 981, 981 [2011]; Aison v Hudson Riv. Black Riv. Regulating Dist., 54 AD3d 457, 459 [2008]) and, by directing the sale of the marital residence in the event that the wife did not obtain refinancing within a specified time period, Supreme Court essentially revised the parties' agreement to supply a solution to a problem that, on the face of the agreement, the parties themselves apparently did not contemplate. While Supreme Court's solution was not necessarily an unreasonable one, the wife cannot be held in contempt for failing to comply with a provision of the parties' agreement that did not in fact exist.

As for the actual obligation imposed upon the wife under the terms of the parties' stipulation — namely, to "make a good faith effort" to obtain the desired refinancing — although Supreme Court made various factual findings regarding the wife's efforts, inclinations and/or abilities in this regard, it does not appear that a hearing was conducted in this matter, and the record does not contain a transcript of the oral arguments made upon the competing motions. More to the point, the parties' written submissions are, in our view, insufficient to determine the adequacy of the wife's efforts to comply with the terms of the agreement.[2] Under these circumstances, we cannot say that

_____

[2] For purposes of this appeal, we have not considered the affidavits or supporting documentation appended to the wife's

Supreme Court's finding of contempt is supported by clear and convincing evidence.  Accordingly, the underlying order is reversed to this extent, and this matter is remitted to Supreme Court for further proceedings.

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as conditionally granted plaintiff's motion; motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

brief, as such materials were not provided to Supreme Court.