*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 17, 2015                    520418
_____

In the Matter of PATRICK R.
    ELLER,
                         Respondent,

        v                                          MEMORANDUM AND ORDER

MARYNA ELLER,
                           Appellant.
_____

Calendar Date:    November 19, 2015

Before:    Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____


        Susan Patnode, Rural Law Center of New York, Albany
(Cynthia Feathers of counsel), for appellant.

        Lisa A. Burgess, Indian Lake, for respondent.

        Gerald Ducharme, Canton, attorney for the child.


_____


Rose, J.

        Appeal from an order of the Supreme Court (Richards, J.),
entered December 18, 2014 in St. Lawrence County, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to find respondent in willful violation of a prior
order of custody and visitation.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a child
(born in 2004).  In a June 2012 order, the mother was awarded
sole custody of the child, with visitation to the father.  The
order further provided that each party was required to provide
the other party with "timely notice" of the child's medical

appointments and that neither party could enroll the child in any organized activity that would take place during the other party's custodial or parenting time without the prior consent of that party. The father commenced this violation petition, alleging that the mother had willfully violated the order by, among other things, failing to provide timely notice of one of the child's dental appointments and enrolling the child in a summer reading program that took place during the father's parenting time without his prior consent. Following a hearing, Supreme Court determined that the mother had willfully violated the order. Supreme Court sentenced the mother to 60 days in jail, but suspended the sentence on the condition that she not further violate the order for six months. The mother now appeals.

In support of his petition, the father "must show by clear and convincing evidence that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the [mother] had actual knowledge of its terms, and that . . . her actions or failure to act defeated, impaired, impeded or prejudiced [the father's rights]" (Matter of Omahen v Omahen, 64 AD3d 975, 977 [2009] [internal quotation marks and citation omitted]; see Matter of Lagano v Soule, 86 AD3d 665, 666 [2011]). Moreover, the father must show that the mother's alleged violation was willful (see Matter of Constantine v Hopkins, 101 AD3d 1190, 1191 [2012]; Matter of Yishak v Ashera, 90 AD3d 1184, 1185 [2011]).

Although we agree with the mother that Supreme Court erred in finding that she willfully violated the 2012 order by failing to give the father timely notice of the child's dental appointment, we nevertheless affirm the order, inasmuch as the record supports Supreme Court's finding that the mother willfully violated the order by enrolling the child in the reading program without the father's consent. The mother testified that she first informed the father about the program in an email, in which she stated that she had already enrolled the child in the program and that it was scheduled to take place weekdays from 8:15 a.m. to 12:25 p.m., including days that fell within the father's summer parenting time. Although the mother testified that she did not believe that the provision in the order applied to the reading program, this created a credibility issue for Supreme

Court to resolve (see Matter of Teri v Elliott, 122 AD3d 1092, 1094 [2014]; Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]).  Moreover, contrary to the mother's contention, the fact that the father brought the child to the program during his scheduled parenting time did not relieve her of the obligation under the order to obtain his consent prior to enrolling the child.  Accordingly, we cannot conclude that Supreme Court abused its discretion in finding that the mother willfully violated the order by failing to obtain the father's consent prior to enrolling the child in the program (see Matter of Hissam v Hissam, 84 AD3d 1513, 1515 [2011], lv dismissed and denied 17 NY3d 855 [2011]; Matter of Cobane v Cobane, 57 AD3d 1320, 1322-1323 [2008], lv denied 12 NY3d 706 [2009]).

Peters, P.J., Lahtinen, Garry and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court