### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 1, 2016          521847
_____

In the Matter of DANIEL P.
   GERBER,
                 Respondent,

     v                             MEMORANDUM AND ORDER

KIMBERLY GERBER,
                  Appellant.
_____

Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

Theresa M. Suozzi, Saratoga Springs, for appellant.

Mark A. Kassner, Glenville, attorney for the children.

_____

Lynch, J.

Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered September 1, 2015, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter mother) are the divorced parents of three teenaged boys (born between 1998 and 2002).[1]  Pursuant to an October 16, 2014 custody order, Family Court suspended all contact between the mother and the children for a period of six months, with

_____

[1]  The eldest son turned 18 while this appeal was pending, rendering this custody dispute moot as to him.

therapeutic visitation to then resume, in light of "overwhelming evidence that the mother was manipulating the children in ongoing efforts to alienate them from the father" (Matter of Gerber v Gerber, 141 AD3d 901, 902 [2016]). The court also ordered the mother to pay $500 in fines to the father by a specified date.

On December 3, 2014, the father commenced this proceeding alleging that the mother violated the terms of that order by having continued contact with the children. The litigation expanded in January 2015, when the mother petitioned pro se for modification of the 2014 order, contending that the father's placement of the children in a new school district caused them undue stress. Family Court sua sponte dismissed the mother's petition in March 2015, an order that this Court recently affirmed (id.). Following a hearing on the father's application, Family Court found that the mother willfully violated the October 16, 2014 order, granted the father's petition and, among other things, continued the no-contact order between the mother and the children for an additional six-month period. This appeal by the mother ensued.

We affirm. "To sustain a civil contempt finding based upon the violation of a court order, it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Howe v Howe, 132 AD3d 1088, 1089 [2015] [internal quotation marks and citations omitted]). Such violation must be established by clear and convincing evidence and, absent an abuse of discretion, it will not be overturned (see Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]).

The father testified that the tracking device placed on the oldest son's car indicated that the car was in front of the mother's house or in her neighborhood 29 times between November 2014 and January 2015, and those occasions coincided with dates that the oldest son was tardy for or absent from school. Further, the father testified that items from the mother's home, such as shirts, cell phones and toys, suddenly were in the boys'

possession.  Family Court discredited the mother's testimony that she did not see the children and was unaware that the children were at her house – except on three occasions when she immediately notified either the police or the father.

The evidence also established that the mother, despite having her own email, used her youngest son's email account to dispute and obtain a refund for some Internet charges made by that son, explaining to the company that her son had been "kidnapped" on October 16, 2014.  The mother also posted an article regarding her dissatisfaction with the prior custody proceedings.  The inappropriate information disseminated by the mother was accessible to, and read by, her youngest son while on the Internet.  Family Court further discredited the mother's proffered excuse that she was unaware that her son continued to access his email account, as well as her denial that her conduct was an attempt to communicate with the children.  The mother also wrote to Family Court alleging a breakdown in communication and lack of trust between the children and the attorney for the children, which, as Family Court observed, was information that could only be obtained from the mother's communication with the children.  Finally, the mother acknowledged that she failed to timely pay the court-ordered fine.  Giving due deference to Family Court's credibility determinations (see Matter of Taylor v Fry, 63 AD3d 1217, 1219 [2009]; Matter of Moran v Cavanaugh, 39 AD3d 954, 955 [2007]), and notwithstanding the opposition of the attorney for the children, we find no abuse of discretion in Family Court's determination that the evidence established by clear and convincing evidence that the mother willfully violated the October 16, 2014 custody order.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court