■ In the Matter of CHRISTINE L. WESKO, Appellant, v TERRY M. HOLLENBECK SR., Respondent. [51 NYS3d 250]—

McCarthy, J.P. Appeal from an order of the Family Court of Broome County (Pines, J.), entered September 25, 2015, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1999). Pursuant to a 2007 Family Court order, the mother enjoyed sole custody of the child and the father had no visitation rights. On April 9, 2015, the child left the mother after she gave the child permission to leave the hospital, where the mother was attending an appointment, in order to go home and shower. Thereafter, the child could not be located until April 17, 2015. Based upon allegations that the child was with the father during that period, the mother petitioned Family Court for the father to be held in contempt of court and, at a hearing, also sought the issuance of an order of protection against him in favor of her and the child. After the hearing, Family Court dismissed the petition and declined to issue an order of protection. The mother now appeals,[1] and we affirm.

To sustain a finding of civil contempt for a violation of a

---

1. On appeal, the mother does not challenge the denial of her request for an order of protection against the father.

court order, a petitioner must show by clear and convincing evidence "that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (*Howe v Howe*, 132 AD3d 1088, 1089 [2015] [internal quotation marks and citation omitted]; *see* Judiciary Law § 753 [A]; Family Ct Act § 156; *Matter of Eller v Eller*, 134 AD3d 1319, 1320 [2015]). "Further, the petitioner must establish that the [party's] alleged violation was willful" (*Matter of Holland v Holland*, 80 AD3d 807, 808 [2011] [citations omitted]). This Court will apply deference to Family Court's credibility determinations (*see Matter of Rodriguez v Delacruz-Swan*, 100 AD3d 1286, 1289 [2012]; *Matter of Taylor v Fry*, 63 AD3d 1217, 1219 [2009]), and the determination of whether or not to hold a party in contempt will not be disturbed absent an abuse of discretion (*see Howe v Howe*, 132 AD3d at 1090; *Davis-Taylor v Davis-Taylor*, 4 AD3d 726, 727-728 [2004]).

At the hearing, the only evidence introduced was the testimony of the mother and that of her paramour. The mother and the paramour's testimony, which conveyed the conclusion that the child was with the father for the period that he was missing, was based on the recitation of out-of-court statements made by persons who did not testify.[2] In other words, the witnesses did not testify as to any direct knowledge of the child's whereabouts or interactions during the relevant period. Although Family Court's findings of fact make clear that it generally found that the child and the father had some contact at some point during the relevant time period—"a technical violation" of the visitation order—it also found that much of the testimony provided was "not credible in the least." Deferring to that credibility determination, and in the absence of any credible evidence further establishing the circumstances leading to the contact between the father and the child, or the nature of said contact, we cannot conclude that Family Court abused its discretion in finding that the mother failed to prove by clear and convincing evidence that the violation of the visitation order by the father was willful (*see Matter of Prefario v Gladhill*, 140 AD3d 1235, 1236 [2016]; *Davis-Taylor v Davis-Taylor*, 4 AD3d at 728; *compare Matter of Eller v Eller*, 134 AD3d at 1320).

---

**2.** Generally, as to the child's whereabouts and interactions during the period in which he was missing, the witnesses relied on statements allegedly made by the child and statements allegedly made by the father.

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.