■ VINCENT VITKOWSKY, Appellant, v PANDORA STRASLER, Respondent. [52 NYS3d 865]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered February 24, 2016, which, following a hearing, granted defendant mother's motion to enforce plaintiff father's child support obligations pursuant to the parties' stipulation and divorce judgment, denied the father's cross motion for suspension or downward modification of child support, and awarded attorney's fees to the mother in the amount of $15,000, unanimously affirmed, without costs.

In this postjudgment divorce proceeding, the father's reduced income was not an "unanticipated" change of circumstances that warranted a modification of the parties' settlement agreement (*Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). The father submitted an affidavit to the IAS court in June 2011 indicating that his partnership position was at risk. Nevertheless, he committed himself to paying more than $10,000 in monthly child support (inclusive of add-ons) when he signed the stipulation settling the divorce action approximately four months later. The father's contention that he unwittingly depleted all of his assets two years after his formal termination in 2012 such that he was unable to meet his expenses or to contribute anything at all to paying his child support obligations is questionable, particularly given his payment of other large expenses for which he had no legal obligation.

The IAS court providently exercised its discretion in awarding the mother $15,000 in attorney's fees, after taking into account the parties' stipulation, which provides for legal fees resulting from a party's default, and the parties' financial circumstances.

We have considered the father's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.