Garry, J.P.
 

 Appeals (1) from an order of the Supreme Court (Breen, J.), entered July 24, 2014 in Warren County, which, among other things, denied plaintiff’s motion to hold defendant in contempt of court, (2) from an order of said court (Bruening, J.), entered January 21, 2015 in Warren County, which, among other things, denied plaintiffs motion for a money judgment, and (3) from an order of the Family Court of Warren County (Wait, J.), entered December 14, 2015, which, among other things, denied plaintiffs objections to a prior order of counsel fees.
 

 This action seeking the dissolution of an eight-year marriage was commenced in May 2010. The parties were divorced pursuant to a March 2014 judgment that was the subject of a previous appeal (149 AD3d 1164 [2017]). In April 2014, plaintiff (hereinafter the wife) moved, as pertinent here, for an order of protection against defendant (hereinafter the husband) and for orders holding the husband in contempt and directing him to pay counsel fees. In July 2014, Supreme Court (Breen, J.) directed the husband to pay $2,000 in counsel fees and to return certain items to the wife, and denied the remaining requests. Also in July 2014, the wife filed an order to show cause requesting, as pertinent here, a money judgment in her favor and counsel fees based upon the husband’s failure to make equitable distribution payments and to pay certain child care costs. In August 2014, she moved for counsel fees in connection with her appeal from the divorce judgment. In January 2015, Supreme Court (Bruening, J.) denied the wife’s request for a money judgment but awarded her $2,000 in counsel fees on that issue, denied her request for counsel fees on the award, and referred the issue of child care expenses to Family Court. The parties later stipulated that the husband would pay the disputed expenses and that the sole question for the court to resolve would be the wife’s entitlement to counsel fees on that issue. In March 2015, the Support Magistrate awarded the wife $2,000 in counsel fees. In December 2015, Family Court denied the wife’s objection to the amount of the counsel fee award. The wife appeals from the July 2014, January 2015 and December 2015 orders.
 

 We turn first to the determination of Supreme Court (Breen, J.) declining to hold the husband in contempt. Pursuant to a 2010 pendente lite order, the wife was granted exclusive use and occupancy of the marital residence (hereinafter the Carriage Hill property). The findings of fact and conclusions of law, incorporated into the judgment of divorce, determined that the Carriage Hill property was the husband’s separate property, but the provisions of the pendente lite order were temporarily continued, and the wife was directed to surrender the residence to the husband by a specified date. Certain items of personal property that were located in the Carriage Hill property were awarded to the husband, and he was authorized to obtain them upon taking possession of the residence. The husband entered the property before the wife surrendered it to him and retrieved various possessions. The wife contends that the court erred in failing to hold the husband in contempt for entering the residence and for taking items that were not awarded to him.
 

 This Court will not overturn a contempt determination in the absence of an abuse of discretion (see Matter of Wesko v Hollenbeck, 149 AD3d 1175, 1176 [2017]; Matter of Rebecca O. v Todd P., 309 AD2d 982, 983 [2003]), and we find no such abuse here. A party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party’s rights (see Judiciary Law § 753; Matter of Khan v Khan, 140 AD3d 1252, 1253-1254 [2016]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008] ). The husband’s counsel averred that, after the judgment issued, counsel provided the husband with a timeline of dates for the performance of various actions. This document mistakenly advised him to obtain his possessions from the Carriage Hill property “[immediately.” The husband averred that he relied upon this erroneous timeline rather than reading the lengthy findings of fact and conclusions of law in detail, and thus incorrectly believed that he was entitled to enter the residence. Nothing in the wife’s submissions contradicted this account of counsel’s error, demonstrated that the husband knew that the direction was mistaken or revealed that his reliance upon the error was “entirely unreasonable” (Matter of McCormick v Axelrod, 59 NY2d 574, 585 [1983], amended 60 NY2d 652 [1983]). Accordingly, we do not find clear and convincing evidence that the husband committed a knowing violation by entering the residence.
 

 As for the personal property, the findings of fact and conclusions of law provided that the husband was entitled to possess “the dishes and silverware of [his] mother” and some tools, but did not enumerate the particular objects covered by this broad direction. The husband averred that he believed that he was entitled to all of the property that he took, and, although Supreme Court ultimately directed him to return some items, it did not find that he had acted knowingly in taking them. On this record, we cannot find that the findings of fact and conclusions of law “clearly expressed an unequivocal mandate” as to which possessions were awarded to the husband (Howe v Howe, 132 AD3d 1088, 1089 [2015] [internal quotation marks and citations omitted]; accord Matter of Gerber v Gerber, 145 AD3d 1128, 1129 [2016]; see Monaco v Monaco, 116 AD3d 452, 452-453 [2014]).
 

 The wife also contends that Supreme Court should have held a hearing to determine which items should be returned. However, “[a] hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone” (Jaffe v Jaffe, 44 AD3d 825, 826 [2007] [internal quotation marks and citation omitted; emphasis added]; see Matter of Chichra v Chichra, 148 AD3d 883, 885 [2017]; Quantum Heating Servs. v Austern, 100 AD2d 843, 844 [1984]). Here, the court was thoroughly familiar with the parties, having recently presided over their divorce trial, which had included 30 days of testimony. The parties submitted extensive documentation supporting their competing ownership claims, and the court stated that its decision was based upon careful consideration of these submissions. Upon our review, we find no abuse of discretion in the determination that no hearing was required (compare Howe v Howe, 132 AD3d at 1090-1091). In view of our resolution of these issues, we need not address the wife’s contentions related to counsel fees for the contempt application.
 

 The wife next contends that Supreme Court erred in denying her application for an order of protection based on family offenses allegedly committed by the husband.
 
 [1]
 
 Supreme Court is authorized by Domestic Relations Law §§ 240 and 252 to issue an order of protection in a pending divorce action, but the divorce action was no longer pending at the time of the wife’s application. However, an order of protection pursuant to Family Ct Act article 8 remained as a potential remedy (see Xiaokang Xu v Xiaoling Shirley He, 147 AD3d 1223, 1227 [2017]). That article limits the duration of an order of protection to two years in the absence of a violation of a prior order of protection or a finding of aggravated circumstances (see Family Ct Act § 842; Matter of Jodi S. v Jason T, 85 AD3d 1239, 1241-1242 [2011]). Here, there was no prior order of protection, and the record contains no claims or circumstances that might bring the matter within the purview of Family Ct Act § 827 (a) (vii). Accordingly, any protective order granted in response to the wife’s 2014 application would have expired before the appeal reached this Court. The rights of the parties will not now be directly affected by our determination, nor did denial of the wife’s application result in any “significant enduring consequences” that could be ameliorated by an appellate decision (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see Matter of Powell v Mount St. Mary Coll., 142 AD3d 1082, 1083 [2016]; compare Matter of Bickwid v Deutsch, 87 NY2d 862, 863-864 [1995]). Accordingly, we find that the wife’s challenge on this issue is moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of King v Jackson, 52 AD3d 974, 975 [2008]).
 

 Turning to the January 2015 order, the wife contends that Supreme Court (Bruening, J.) erred in refusing to issue a money judgment in her favor based upon the husband’s failure to make several equitable distribution payments. The findings of fact and conclusions of law required the husband to pay the wife a sum for equitable distribution related to the Carriage Hill property by a specified deadline, and to pay other sums for expert fees and two installment payments for counsel fees on the dates of any sales or transfers of his separate property or by specified deadlines. In her enforcement application, the wife asserted that the husband had belatedly paid only part of the Carriage Hill obligation and had made no payments for expert or counsel fees after selling a parcel of separate property in June 2014. In September 2014, while the motion was pending, the husband sold a second parcel of separate property and paid the remainder of the Carriage Hill obligation, the expert fee obligation, and the first counsel fee installment payment. The court thereafter denied the application, finding that the husband had paid all monies that were due.
 

 The wife’s request for a money judgment should have been granted. Domestic Relations Law § 244 provides that, upon a party’s failure to make any payment for an obligation under a judgment of divorce other than child support, “the court shall make an order directing the entry of judgment for the amount of arrears . . . unless the defaulting party shows good cause for failure to make application for relief . . . prior to the accrual of such arrears” (emphasis added). This provision was intended to shift the burden of seeking relief to the defaulting spouse and to limit a court’s discretion in determining whether to grant judgments for arrears (see Matter of Dox v Tynon, 90 NY2d 166, 171-173 [1997]; Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244 at 54-55). The husband offered various explanations for his failure to make timely payments, but he neither applied for relief prior to his default nor stated any reason for his failure to do so. Supreme Court thus had no discretion to deny the wife’s request for a judgment in the full amount of the arrears (see Wolfson v Public Adm’r of Nassau County, 282 AD2d 743, 743-744 [2001]; Felton v Felton, 175 AD2d 794, 795 [1991]; Hirst v Hirst, 112 AD2d 569, 570 [1985]; Matter of La Duke v La Duke, 110 AD2d 930, 932 [1985]).
 

 We disagree with Supreme Court’s determination that no arrears were due when the motion was decided. Pursuant to the plain language of the equitable distribution provisions, the husband was required to make the expert fee payment and the first installment payment of counsel fees at the time of the first sale of his separate property after the divorce judgment was issued; this occurred in June 2014. The equitable distribution provisions expressly contemplate two separate counsel fee payments, with the second to become due at the time of the next separate property sale. That sale occurred in September 2014. The husband did not make the second counsel fee installment payment in September 2014; that payment was in arrears when the motion was decided. As the husband had made no prior application for relief and had not shown good cause for his failure to do so, Domestic Relations Law § 244 required issuance of a judgment in the amount of the remaining installment payment.
 

 It is undisputed that no arrears now remain outstanding. Nevertheless, the wife seeks interest for the periods in which the various payments were due but unpaid. Domestic Relations Law § 244 mandates the payment of interest upon arrears “if the default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order.” A default is not willful when it arises from financial disability or from “a sincere, though mistaken, belief that payments were not required, especially when that belief was based upon advice from counsel” (Parnes v Parnes, 41 AD3d 934, 937 [2007]; see Desautels v Desautels, 80 AD3d 926, 930 [2011]; Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 244 at 57-58; see also Allen v Allen, 83 AD2d 708, 709 [1981]). Here, the husband owned, as his separate property, a number of valuable parcels of real estate, including several business properties. However, he contended that he was in significant financial distress and had no liquid resources other than sales of his separate property with which to satisfy his equitable distribution obligations. Notably, the recently-issued divorce judgment offers some implied support for this assertion by directing the husband to satisfy most of his equitable distribution obligations by selling parcels of his separate property. In addition to evidence specifically detailing the outstanding debts, tax obligations and other financial constraints that resulted in the husband’s lack of liquid resources, his submissions established that the June 2014 separate property transaction yielded no funds from which payments could have been made to the wife
 
 [2]
 
 and that the proceeds of the September 2014 sale, while adequate to permit payment of the other obligations, did not yield sufficient funds to cover the second counsel fee installment payment. As previously discussed, a showing of inability to pay does not preclude a judgment for arrears pursuant to Domestic Relations Law § 244. Nevertheless, for the purpose of determining the interest issue, we find that the husband met his burden to demonstrate that his defaults at the time of the property sales were not willful (see Domestic Relations Law § 244; see also Yeager v Yeager, 38 AD3d 534, 534-535 [2007]).
 

 Thereafter, both a bench decision issued shortly after the September 2014 transaction and the January 2015 order presently upon appeal interpreted the provisions of the divorce judgment to find that the second counsel fee installment payment had not yet become due. Although we now disagree with this interpretation, these rulings provided the basis for a sincere belief on the husband’s part that he was not then required to make the second installment payment (see Desautels v Desautels, 80 AD3d at 930; Parnes v Parnes, 41 AD3d at 937). Under these circumstances, we find that the husband met his burden to demonstrate that his delay in making payments was not willful. Thus, the wife is not entitled to interest for the periods of delay (see Theophilova v Dentchev, 117 AD3d 531, 533 [2014]; see also Yeager v Yeager, 38 AD3d at 535).
 

 We next address the wife’s contentions as to the counsel fee awards. First, she asserts that her request for $3,600 in counsel fees for her enforcement application should have been granted in full. Domestic Relations Law § 238 authorizes courts to make discretionary awards of counsel fees upon enforcement motions, and Domestic Relations Law § 237 (c) mandates such an award upon a determination that a party’s failure to obey an order compelling payment of a distributive award was willful. In view of our determination as set forth above, we find no abuse of discretion relative to the amount of the award.
 

 As for the wife’s request for counsel fees upon her appeal from the divorce judgment, Domestic Relations Law § 237 (a) authorizes an order directing a spouse to pay the other spouse’s counsel fees for pursuing an appeal in a divorce action (see Cohen v Cohen, 73 AD3d 832, 834 [2010]; Holloway v Holloway, 307 AD2d 405, 407 [2003]).
 
 [3]
 
 Supreme Court denied this request based upon consideration of the parties’ financial circumstances, an inheritance and a substantial distributive award that the wife had recently received, and what the court judged to be a lack of merit in her appellate contentions.
 
 [4]
 
 We find no abuse of discretion, as the court considered the relevant circumstances and the determination was not “clearly unjustified” (Laura WW. v Peter WW., 50 AD3d 1292, 1292 [2008]; see Soles v Soles, 41 AD3d 904, 908 [2007]; Webber v Webber, 30 AD3d 723, 724 [2006]; Redgrave v Redgrave, 22 AD3d 913, 914 [2005]).
 

 We find no merit in the wife’s challenge to Family Court’s denial of her objection to the counsel fee award on the child care issue. After the parties stipulated that the husband would pay the disputed expenses — an amount of about $1,700 — the Support Magistrate found that the husband’s failure to pay these expenses was not willful, and awarded $2,000 in counsel fees to the wife, who had requested more than $6,000. The wife contends that the husband’s conduct was willful and that a mandatory, rather than discretionary, counsel fee award in the full amount of her request was thus required (see Family Ct Act § 438 [a], [b]). However, even if the conduct had been found to be willful, Family Ct Act § 438 (b) does not require an award to be made for the full sum requested by the litigant. Rather, the amount of such an award must be “reasonable” (Matter of Duffy v Duffy, 30 AD3d 735, 737 [2006]). Here, in setting forth the basis for the award, the Support Magistrate listed the factors taken into account, and expressly stated that the amount of the award would not have been altered had a determination of willfulness been made.
 
 [5]
 
 The Support Magistrate noted that the husband had made reasonable efforts to resolve the matter, while the wife had unnecessarily prolonged the litigation by demanding certain prejudgment expenses that had not been awarded to her in the judgment of divorce and to which the Support Magistrate found she was not entitled. Our review reveals that due consideration was given to appropriate factors. We find nothing unreasonable and no abuse of discretion in the amount of the award (see Johnson v Chapin, 12 NY3d 461, 467 [2009]; Valitutto v Valitutto, 137 AD3d 1526, 1529-1530 [2016]), and no error in Family Court’s denial of the wife’s objections. The wife’s remaining contentions have been reviewed and found to be lacking in merit.
 

 Egan Jr., Devine, Aarons and Rumsey, JJ., concur.
 

 Ordered that the orders entered July 24, 2014 and December 14, 2015 are affirmed, without costs.
 

 Ordered that the order entered January 21, 2015 is modified, on the law, without costs, by reversing so much thereof as denied plaintiff’s motion for á money judgment; said motion granted; and, as so modified, affirmed.
 

 [1]
 

 . These claims were based on the husband’s entry into the Carriage Hill property and upon assertions that, among other things, he had sent her demeaning messages and had videotaped exchanges of the parties’ children.
 

 [2]
 

 . A closing statement and other documents in the record reveal that the proceeds of the June 2014 sale were fully consumed by expenses related to the transaction and a mortgage held by the husband on the property.
 

 [3]
 

 . Contrary to the wife’s contention, the rebuttable presumption that counsel fees should be awarded to the less monied spouse does not apply here, as the divorce action was commenced before the effective date of the 2010 revisions in Domestic Relations Law §§ 237 and 238 (see L 2010, ch 329, § 3, as amended by L 2010, ch 415, § 1). Nevertheless, Domestic Relations Law former § 237 (a) required consideration of the parties’ respective financial circumstances (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]).
 

 [4]
 

 . Upon the wife’s appeal, this Court modified determinations related to appreciation on two life insurance policies, but otherwise affirmed the judgment of divorce (149 AD3d at 1171).
 

 [5]
 

 . As the Support Magistrate noted, the parties did not request a hearing on that issue.