Matter of Beesmer v Amato (2018 NY Slip Op 04403)





Matter of Beesmer v Amato


2018 NY Slip Op 04403


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524467

[*1]In the Matter of PATRICK BEESMER, Respondent,
v
FRANCES J. AMATO, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


Meth Law Offices, PC, Chester (Michael D. Meth of counsel), for appellant.
Tracy E. Steeves, Kingston, for respondent.
Marcia Heller, Rock Hill, attorney for the child.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered January 31, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of custody.
Respondent (hereinafter the mother) and petitioner (hereinafter the father) are the parents of a son (born in 2007). In 2015, the mother and the father filed competing petitions to modify a prior custody order under which, as relevant here, the mother had primary physical custody of the child. In October 2016, Family Court, among other things, awarded the father sole
legal and physical custody of the child and awarded the mother supervised visitation with the child. The October 2016 order also imposed a 60-day jail sentence upon the mother, with the term being suspended so long as the mother complied with the order and delivered the child to the father within 10 days of being served therewith. In January 2017, the father filed a violation petition seeking to hold the mother in contempt based upon her failure to comply with the terms of the October 2016 order. Following a hearing, Family Court found that the mother willfully violated the October 2016 order and ordered her to be committed to the Ulster County jail for 60 [*2]days [FN1]. The mother appeals.
"To sustain a finding of civil contempt for a violation of a court order, a petitioner must show by clear and convincing evidence that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Matter of Wesko v Hollenbeck, 149 AD3d 1175, 1175—1176 [2017] [internal quotations marks and citations omitted]; see Matter of Eller v Eller, 134 AD3d 1319, 1320 [2015]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964 [2008]). A court's determination finding a party in contempt of an order will not be disturbed absent an abuse of discretion (see Seale v Seale, 154 AD3d 1190, 1192 [2017]; Matter of Gerber v Gerber, 145 AD3d 1128, 1129 [2016]; Matter of Aurelia v Aurelia, 56 AD3d at 964).
Contrary to respondent's assertion, the record evidence supports Family Court's determination that she was properly served with the October 2016 order via her designated agent for service (see Family Ct Act § 154-b [2] [c]). To the extent that the designated agent denied being served with the October 2016 order, Family Court did not credit her testimony (see Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]). Moreover, the mother had notice of the October 2016 order, at the latest, by the middle of December 2016. In this regard, she testified that, at that time, she learned of the October 2016 order through her social media account and immediately hired an attorney [FN2]. She did not, however, return the child to the father. Furthermore, when the mother knew there was a change in custody pursuant to the October 2016 order, she still refused to return the child to the father. In view of the foregoing, the father established by clear and convincing evidence that the mother willfully violated a lawful order (see Matter of Dorsey v De'Loache, 150 AD3d 1420, 1423-1424 [2017]; Matter of Seacord v Seacord, 81 AD3d 1101, 1102-1103 [2011]; Matter of Joseph YY. v Terri YY., 75 AD3d 863, 867 [2010]).
Finally, the mother waived her argument that the father's contempt petition was facially deficient by failing to raise any objection thereto and by appearing and defending against the petition's allegations (see Matter of Glenn v Glenn, 262 AD2d 885, 886 [1999], lv dismissed and denied 94 NY2d 782 [1999]). In any event, the petition satisfied the requirements of Judiciary Law § 756. Nor do we find merit in the mother's contention that the imposed jail term was excessive or stemmed from an abuse of Family Court's discretion. The mother's remaining contentions have been examined and have been found to be without merit.
Lynch, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This Court stayed enforcement of Family Court's order of commitment pending this appeal.

Footnote 2: Notwithstanding her testimony, we note that the mother, in her brief, stated that she received notice of the October 2016 order towards the end of November 2016.