Martin v Martin (2018 NY Slip Op 05008)





Martin v Martin


2018 NY Slip Op 05008


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

526002

[*1]PAUL MARTIN, Appellant,
v
JEAN DiRESTA MARTIN, Respondent.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Law Offices of Gerard V. Amedio, Saratoga Springs (Gerard V. Amedio of counsel), for appellant.
Jean M. Mahserjian, Esq., Inc., Clifton Park (Nicholas E. Tishler of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Chauvin, J.), entered May 16, 2017 in Saratoga County, which granted defendant's motion to, among other things, hold plaintiff in contempt and to enforce the judgment of divorce.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1994 and have one child together (born in 1995). The parties were divorced in April 2016 and entered into a settlement agreement that was incorporated but not merged into the judgment of divorce. Among other things, the settlement agreement required the husband to pay for health, dental and vision insurance for the child "for so long as [the child] is eligible." The settlement agreement also required the husband to "pay the mortgage of approximately $25,000" on a property in the City of Troy, Rensselaer County and to give the wife $5,000 to be used for exterior painting on two properties in the City of Amsterdam, Montgomery County. The husband and the wife were also each to pay half of the monthly mortgage payments due on a property in the hamlet of Loudonville, Albany County. With regard to taxes, the parties agreed that "for calendar year 2016, they shall file separate tax returns." Lastly, the settlement agreement provides that if one of the parties breaches the agreement, the non-breaching party shall be entitled to counsel fees.
In 2017, the wife moved, pursuant to Domestic Relations Law § 245, to hold the [*2]husband in civil contempt, to enforce the judgment of divorce and for an award of counsel fees, among other things. After opposition by the husband, Supreme Court granted the wife's motion, without a hearing. Supreme Court determined that the husband had willfully violated the terms of the settlement agreement and ordered the husband to provide written proof from his employer as to whether the child was still eligible for health insurance and, if so, to reimburse the wife for expenses that she incurred providing health insurance for the child. Further, it ordered the husband to reimburse the wife for payments that he failed to make on the mortgage on the Loudonville property, to pay off the mortgage on the Troy property and to pay the wife the $5,000 for exterior painting of the Amsterdam properties pursuant to the agreement. Lastly, Supreme Court ordered the husband to pay the entire tax liability resulting from the parties' 2015 joint income tax return and to pay the wife's counsel fees. The husband appeals.
"A party seeking a finding of civil contempt based upon the violation of a court order must establish by clear and convincing evidence that the party charged with contempt had actual knowledge of a lawful, clear and unequivocal order, that the charged party disobeyed that order, and that this conduct prejudiced the opposing party's rights" (Seale v Seale, 154 AD3d 1190, 1192 [2017] [citations omitted]; see Judiciary Law § 753). "A hearing is not mandated in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Jaffe v Jaffe, 44 AD3d 825, 826 [2007] [internal quotation marks and citations omitted]; accord Seale v Seale, 154 AD3d at 1193). Finally, "[t]his Court will not overturn a contempt determination in the absence of an abuse of discretion" (Seale v Seale, 154 AD3d at 1192).
Turning first to the mortgage payments and the child's health insurance, the wife's motion papers establish all of the elements of civil contempt by clear and convincing evidence; the settlement agreement and the judgment of divorce were known to the husband, the terms that she alleged he disobeyed are unequivocal and lawful, and she was prejudiced by having to make mortgage payments and obtain health insurance for the child (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29-30 [2015]; Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032-1033 [2017]). Once the wife made this showing, the burden shifted to the husband to refute the wife's showing, or to offer evidence of a defense, such as an inability to pay (see Shemtov v Shemtov, 153 AD3d 1295, 1296 [2017]). In his opposition papers, the husband admits that he did not pay his half of the monthly payments on the mortgage on the Loudonville property. Although the husband's affidavit denies failure to pay his obligations on the mortgage on the Troy property and exterior painting of the Amsterdam properties, the wife submitted documentation proving that the mortgage on the Troy property had not been paid off, and the affirmation of the husband's attorney concedes that the husband had not paid his obligation on the Amsterdam properties. Notably, the husband did not assert that he was unable to pay these obligations and, instead, proffered other excuses. In addition, inasmuch as it remained a question as to whether the child was in fact eligible for health insurance past her 21st birthday, which the husband states is the reason he did not continue to provide health insurance, Supreme Court's finding of contempt and the remedies for such contempt were contingent upon a determination of eligibility, a factual issue to be resolved as part of the ordered actions.
Next, we disagree with the husband's argument that Supreme Court erred in ordering him to pay off the mortgage on the Troy property within 90 days. The parties' settlement agreement states: "The husband will pay the mortgage of approximately $25,000 on the [Troy] property." We find this clause to be ambiguous as to whether the husband was to pay off the entire remaining mortgage at once, or was simply responsible for the monthly payments, and, [*3]"therefore, the use of parol evidence [is necessary] to ascertain the intention of the parties" (Matter of Dube v Horowitz, 258 AD2d 724, 725 [1999]). This clause of the agreement is in contrast to the clauses regarding the parties' mortgage on the Loudonville property, which states that each party will pay half of the monthly principal and income. Because a contract must be read as a whole, these clauses must be read together; accordingly, because language requiring monthly payments is included with respect to the mortgage on the Loudonville property but is omitted with respect to the mortgage on the Troy property, the agreement can be construed to mean that the husband was responsible to pay off the entirety of the Troy property mortgage at once (cf. Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 560-561 [2014]). Also, as any ambiguity in the language of the separation agreement must be construed against the drafter — here, the husband's counsel as the wife was unrepresented — we agree with Supreme Court's interpretation of this clause in the agreement (see Matter of Dube v Horowitz, 258 AD2d at 725-726; see generally Matter of Riconda, 90 NY2d 733, 740-741 [1997]). We also find that Supreme Court's award of counsel fees to the wife, subject to further submissions, was proper insofar as the husband was found to have breached the agreement, which he admitted to, and said agreement provided for counsel fees (see Vitkowsky v Strasler, 151 AD3d 427, 427 [2017]; Holloway v Holloway, 260 AD2d 898, 899 [1999]).
Finally, we find that Supreme Court improvidently ordered the husband to pay 100% of the parties' 2015 tax liability. A hearing is necessary on this issue because issues of fact exist as to whether the wife was fraudulently induced to file a joint tax return (cf. Howe v Howe, 132 AD3d 1088, 1090 [2015]; Mulder v Mulder, 191 AD2d 541, 542 [1993]). Further, if the proof at the hearing establishes that the wife voluntarily filed the joint tax return, an assessment will need to be made as to each parties' equitable share of the tax liability (see generally Lago v Adrion, 93 AD3d 697, 700 [2012], lv denied 19 NY3d 812 [2012]).
Egan Jr., J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendant's motion ordering plaintiff to pay the entire 2015 joint income tax liability; motion denied to said extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.