Matter of Mensch v Mensch (2019 NY Slip Op 00126)





Matter of Mensch v Mensch


2019 NY Slip Op 00126


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2018-07601
 (Docket No. F-21315-17/17A)

[*1]In the Matter of Suzanne Mensch, appellant,
v
Gregory Mensch, respondent.


Heilig, Branigan, Miller & Castrovinci, Holbrook, NY (Michael J. Miller of counsel), for appellant.
McGuire Condon, P.C., Huntington, NY (Karen D. McGuire of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Kathy G. Bergmann, J.), dated May 18, 2018. The order denied the mother's objections to an order of the same court (Barbara Lynaugh, S.M.) dated April 6, 2018, denying her motion for an award of attorneys' fees.
ORDERED that the order dated May 18, 2018, is reversed, on the facts and in the exercise of discretion, with costs, the mother's objections are granted, the mother's motion for an award of attorneys' fees is granted, the order dated April 6, 2018, is vacated, and the matter is remitted to the Family Court, Suffolk County, to determine the amount of the mother's reasonable attorneys' fees incurred in connection with this proceeding.
The parties are the parents of five children. The parties' judgment of divorce, entered September 11, 2017, incorporated but did not merge the terms of their so-ordered stipulation of settlement dated March 9, 2017, and provided that the father was to pay child support for the five children to the mother. In December 2017, the mother filed a petition alleging that the father failed to pay $1,635 in child support from April 2017 through August 2017. Shortly after the petition was filed, the father paid the mother the amount sought in the petition. The mother thereafter moved for an award of attorneys' fees for fees she incurred in commencing this enforcement proceeding. In an order dated April 6, 2018, the Support Magistrate denied her motion. The mother filed objections to the Support Magistrate's order. The Family Court denied the objections, and the mother appeals.
Pursuant to Family Court Act § 438(a), a court, in its discretion, may award reasonable attorneys' fees in an enforcement proceeding. The denial of an award of attorneys' fees to the mother in this case was an improvident exercise of discretion. The father paid the sum demanded for arrears in satisfying his child support obligations, but only after the mother was forced to expend attorneys' fees to commence an enforcement proceeding. The fact that the father was engaged in a dispute over whether he should be credited for payments for cell phone expenses and college expenses paid before the entry of the parties' judgment of divorce did not authorize him to engage in self-help by withholding child support payments that he ultimately did not dispute were due and owing.
Accordingly, the mother is entitled to an award of attorneys' fees (see Seale v Seale, 154 AD3d 1190). We remit the matter to the Family Court, Suffolk County, to determine the amount of the mother's reasonable attorneys' fees incurred in connection with this proceeding.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court