Vicedomine v LaRose-Vicedomine (2019 NY Slip Op 05731)





Vicedomine v LaRose-Vicedomine


2019 NY Slip Op 05731


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

526519

[*1]JOSEPH VICEDOMINE, Appellant,
v
PATRICIA M. LaROSE-VICEDOMINE, Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Joseph Vicedomine, Rensselaer, appellant pro se.
Patricia M. LaRose-Vicedomine, Averill Park, respondent pro se.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered September 28, 2017 in Rensselaer County, which denied plaintiff's motion to hold defendant in contempt.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) divorced in October 2014. The divorce judgment incorporated, but did not merge, a settlement stipulation placed on the record in August 2014, which, in relevant part, provided that the "[w]ife will be solely responsible for any and all loans needed for [the daughter's] tuition for the year 2016-2017, for [the daughter's] fourth year of college." The husband assumed responsibility for the daughter's loans for the three previous academic years and for "tuition above [the daughter's] grants, loans or other financial aid for the year 2015-2016." Each party also agreed to contribute "up to $2,000 each year for . . . incidental expenses for college." In December 2016, the husband moved to hold the wife in contempt alleging that she failed to pay for, as relevant here, the daughter's loans for the fall semester of the 2016-2017 academic year. Supreme Court denied the husband's motion for contempt, but granted a judgment in favor of the husband in the amount of $9,041 for the daughter's college-related expenses incurred during the fall semester of the 2016-2017 academic year, which included the amount of $3,961 for "loans" as well as the amount of $5,080 for the "tuition shortfall" that was "not covered by the loans and scholarships."[FN1] The court also noted that there was no bill available for the spring semester.
In August 2017, the husband filed a second motion to again hold the wife in contempt, alleging that she failed to pay for the daughter's loans as well as other tuition-related expenses for the spring semester of the 2016-2017 academic year. Supreme Court denied the motion holding that its prior order covered all relevant expenses owed by the wife for the 2016-2017 academic [*2]year. The court also noted that the husband did not first seek an enforcement order pursuant to CPLR article 52. The husband appeals.
We affirm, but on a different basis. Where a spouse in a divorce action defaults in the payment of a sum of money due under the judgment, an aggrieved spouse may apply for an order holding the defaulting party in contempt (see Domestic Relations Law § 245)[FN2]. "[I]n order to sustain a civil contempt, it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" (Town of Copake v 13 Lackawanna Props., LLC, 169 AD3d 1178, 1180 [2019] [internal quotation marks, emphasis and citations omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Martin v Martin, 163 AD3d 1139, 1140-1141 [2018]; Seale v Seale, 154 AD3d 1190, 1192 [2017]). As recited above, defendant has an obligation to pay for her daughter's "loans" for the 2016-2017 academic year, plus incidental expenses. We find, however, a lack of consistency between Supreme Court's April 2017 determination, which awards petitioner a sum due for the first semester, and the September 2017 determination, which holds that the earlier order applied to the entire academic year. On this uncertain record, a contempt application could not be sustained.
Egan Jr., J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court awarded a total judgment of $34,353.56 in favor of the husband, $25,212.56 of which represented the payment for another child not a subject of this appeal.

Footnote 2: Effective September 29, 2016, Domestic Relations Law § 245 was amended to allow applications to be made without prior enforcement attempts (see Domestic Relations Law § 245, as amended by L 2016, ch 365, § 1). The amendment applies "to all actions whenever commenced as well as all judgments or orders previously entered" (L 2016, ch 365, § 2).