Matter of Harley K. v Brittany J. (2020 NY Slip Op 07259)





Matter of Harley K. v Brittany J.


2020 NY Slip Op 07259


Decided on December 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 3, 2020

529559

[*1]In the Matter of Harley K., Petitioner,
v
Brittany J., Appellant.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Monique B. McBride, Albany, for appellant.
Peter P. Charnetsky, Vestal, attorney for the child.



Mulvey, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 11, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 2014). In May 2018, Family Court issued an order granting sole legal and physical [*2]custody to the mother and parenting time to the father on two set weekdays and alternate weekends. The order further provided that the father "shall ensure" that the child and the son of the father's girlfriend (hereinafter the boy) "are not left alone together." On January 2, 2019, the mother filed a violation petition and a modification petition, the latter of which sought suspension of the father's parenting time, with both petitions alleging that the father had repeatedly left the child and the boy together unsupervised, resulting in harm to the child through the boy hitting and inappropriately touching her. Also on January 2, the father filed a modification petition seeking joint legal and physical custody because the mother had withheld the child from him during his scheduled parenting time. In February 2019, the father filed a violation petition and a modification petition, similarly alleging that the mother had denied him parenting time with the child and seeking joint custody. He filed another modification petition in April 2019. In June 2019, the mother again filed a modification petition, seeking supervised parenting time for the father and precluding contact between the child and the boy.
At a June 26, 2019 fact-finding hearing, Family Court sua sponte dismissed the mother's January 2019 modification petition, incorporating its allegations into her June 2019 filing. The mother then withdrew her January 2019 violation petition. Following testimony, the court dismissed the father's January 2019 violation petition and, in regard to his February 2019 violation petition, issued a July 2019 order finding that the mother willfully violated the prior order by engaging in self-help and by denying the father visitation. The court did not impose a sanction, instead warning that incarceration would likely follow any subsequent finding of contempt sustained against the mother.[FN1] The mother appeals from the July 2019 order.
"The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Carl KK. v Michelle JJ., 175 AD3d 1627, 1628 [2019] [citations omitted]; see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]; Matter of Wesko v Hollenbeck, 149 AD3d 1175, 1176 [2017]; Matter of James XX. v Tracey YY., 146 AD3d 1036, 1037 [2017]; Matter of Prefario v Gladhill, 140 AD3d 1235, 1236 [2016]). This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion (see Matter of Jemar H. v Nevada I., 182 AD3d 805, 808 [2020]; Matter of Carl KK. v Michelle JJ., 175 AD3d at 1628; Matter of Michael M. v Makiko M., 152 AD3d 909, 910 [2017]; Matter of Wesko v Hollenbeck, 149 AD3d at 1176).
The mother does not dispute that the May 2018 order was clear, that she had notice of it and that she refused to allow the father to take the child from late December 2018 through the filing of his [*3]petition in mid-February 2019, but she asserts that her actions were not willful. On the record at the hearing, Family Court stated that the mother took it upon herself to violate the prior order even though a court-ordered investigation by Child Protective Services came back as unfounded, with no child protective concerns noted in either household. The court stated in the July 2019 order that it found the mother in contempt because she "engaged in self-help." We affirm.
The mother sought court intervention, by filing both a violation petition and a modification petition — seeking to suspend the father's parenting time — on January 2, 2019. However, the mother later withdrew her violation petition,[FN2] and the record does not indicate that she sought or obtained a temporary order that would have permitted her to suspend visits or require them to be supervised during the pendency of an investigation, instead intentionally refusing — without any authority — to allow the father to exercise his court-ordered time with the child (compare Matter of Romanello v Davis, 49 AD3d 652, 653 [2008]). Furthermore, an investigation apparently revealed that the mother's concerns for the child's safety were unfounded (compare Matter of A.F. v N.F., 156 AD2d 750, 752 [1989]). Therefore, Family Court did not abuse its discretion in concluding that the mother willfully violated the May 2018 order (see Matter of Kanya J. v Christopher K., 175 AD3d 760, 764 [2019], lvs denied 34 NY3d 905, 906 [2019]). We note that the court did not impose any sanction against the mother; we will not address her challenge to the court's statement about potential future sanctions for further violations, due to the speculative nature of this occurring.
Egan Jr., J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Family Court separately denied the father's modification petition and scheduled a hearing on the mother's modification petition. According to a September 2019 order, the parties agreed to modifications of the May 2018 order.

Footnote 2: The record does not contain any reason for this withdrawal.