Matter of Angelica CC. v Ronald DD. (2024 NY Slip Op 06393)

Matter of Angelica CC. v Ronald DD.

2024 NY Slip Op 06393

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-22-2216
[*1]In the Matter of Angelica CC., Respondent,
v
Ronald DD., Appellant. (And Two Other Related Proceedings.)

Calendar Date:November 15, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Theresa M. Suozzi, Saratoga Springs, for appellant.
Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer Powers Rutkey of counsel), for respondent.
Veronica Reed, Schenectady, attorney for the child.

Powers, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered October 4, 2022, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to hold respondent in violation of a prior temporary order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2016). The underlying facts of this case are familiar to this Court (220 AD3d 1064 [3d Dept 2023], lv denied 40 NY3d 909 [2024]; 214 AD3d 1091 [3d Dept 2023], lv denied 39 NY3d 915 [2023]). As is relevant here, following a fact-finding hearing on a prior petition, Family Court orally granted the father parenting time every Saturday from 12:00 p.m. to 1:00 p.m., to be supervised by the mother. This temporary order placed certain conditions on the father's parenting time, which included that the father may not bring more than "one or two" toys and must "remain within sight and hearing distance of the [mother]" during his parenting time. Additionally, the father was not permitted to speak to the child regarding "adult issues, parenting time, a desire to see the child, question the child about whether he misses the father, tell the child he misses him, discuss when they will see each other again, tell the child to police the mother, ask the child to visit him [or] . . . otherwise disparage the mother in any manner." A written order to this effect was subsequently entered. Thereafter, the mother brought two enforcement petitions, first in April 2021 and then in June 2021, alleging that the father had violated the terms of the temporary order on multiple occasions.[FN1] After a hearing, Family Court granted the mother's petition finding that the father had violated the temporary order and reserved on the issue of sanctions. The father appeals.
"To sustain a finding of civil contempt for a violation of a court order, a petitioner must show by clear and convincing evidence that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (Matter of John EE. v Jalyssa GG., 222 AD3d 1219, 1222-1223 [3d Dept 2023] [internal quotation marks and citations omitted]; see Judiciary Law § 753 [A] [3]; Matter of Jason VV. v Brittany XX., 230 AD3d 1398, 1402 [3d Dept 2024]). "This Court will accord deference to Family Court's credibility findings, and the determination of whether to hold a party in contempt will generally not be disturbed absent an abuse of discretion" (Matter of Michelle L. v Steven M., 227 AD3d 1159, 1164 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Alexis WW. v Adam XX., 220 AD3d 1094, 1095 [3d Dept 2023]).
Initially, we must note that the father makes various arguments that pertain [*2]not to whether he violated the underlying order but, instead, to the merits of the conditions placed upon his parenting time by that order. However, the father does not allege that these conditions were unlawful and, as this is not the proper proceeding to otherwise challenge these conditions, we disregard these arguments (see generally Matter of Harley K. v Brittany J., 189 AD3d 1738, 1740 [3d Dept 2020]). Ultimately, we find that Family Court did not abuse its discretion in determining that the father had violated the terms of the prior order and, consequently, holding him in contempt of such order.
Regarding those occasions where Family Court found the father to have been in violation of the underlying custody order, the mother testified that in April 2021 the father happened upon the mother and the child while the mother was walking with the child who was on his bicycle, at a time other than the father's scheduled parenting time. The mother granted the father consent to hug the child, with the condition that he did not remove the child from his bicycle and would then depart. Despite the mother's limited consent, the father removed the child from his bicycle and, upon returning the child, proceeded to ask the child if he wished to ride his bicycle with the father. This resulted in the mother running along as the father and the child rode so that she was not separated from the child. Moreover, the mother explained that the father would bring numerous toys to his weekly parenting time, including a bounce house and a tent, among others. The father would then play with the child in the bounce house or tent and play music, so she was unable to see or hear their conversations. The mother additionally explained that the father would frequently whisper to the child, say that he missed the child and ask the child if the child missed him and, on one occasion, made a comment in the presence of the child disparaging the mother regarding his support obligations.
The father does not assert that he was unaware of the terms of the temporary custody order, nor does he assert that the terms of that order were unclear or equivocal. Instead, he attempts to explain away and rationalize his conduct. Here, the temporary order set a parenting time schedule and placed clear and unequivocal conditions upon the father's parenting time of which the father was aware. The father's violation of that order prejudiced the mother in that, among other ways, her parenting time was interrupted, and she was unable to properly monitor the father's conduct during his parenting time. Based upon the foregoing and deferring to Family Court's credibility determinations, we decline to disturb its conclusion that the father had violated the temporary order (see Matter of John EE. v Jalyssa GG., 222 AD3d at 1223; Matter of Angelica CC. v Ronald DD., 220 AD3d at 1067; Matter of Alexis WW. v Adam XX., 220 AD3d at 1095). As such, the father was properly found to be in civil contempt (see Judiciary [*3]Law § 753 [A] [3]).
Egan Jr., J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother also brought a family offense petition based upon some of the same underlying facts, which Family Court dismissed as part of the order on appeal. The mother does not appeal from this dismissal.